## Straw, Appellant, *v.* Williamsport et al.

*Municipalities—Discretion—Public contracts—Proposals—Bids —Change of items in proposals—Lowest bidder—Equity—Jurisdiction.*

1. A taxpayer may maintain a bill in equity to restrain an alleged unlawful award of a public contract.

2. Where a proposal for bids for a municipal contract contains items for paving and sewers, and provides that the city may reject any or all bids or parts of bids, the city may, after the bids have been received and opened, in the exercise of its sound discretion and without fraud, eliminate all items for sewers, although by so doing the lowest bidder by tabulation of the bids for both paving and sewers, will cease to be the lowest bidder on the tabulation of items for paving alone.

3. The finding of the lower court that there was no abuse of discretion is binding on the appellate court.

Argued January 26, 1926.   Appeal, No. 398, Jan. T., 1925, by plaintiff, from decree of C. P. Lycoming Co.,

June T., 1925, No. 2, dismissing bill in equity, in case of Philip S. Straw v. City of Williamsport, Hugh Gilmore, Mayor, Harry L. Cohick, Superintendent of Finances, et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Bill for injunction. Before WHITEHEAD, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Edward A. G. Porter,* with him *Max L. Mitchell* and *Saul, Ewing, Remick & Saul,* for appellant.—There cannot be the free, open and competitive bidding called for by the acts of assembly unless the rank of the bidders be determined by a tabulation of the bids as submitted in conformity with the official plans, specifications, and proposal blanks supplied to bidders: Dolan v. Schoen, 261 Pa. 11; Mazet v. Pittsburgh, 137 Pa. 548; Edmundson v. School Dist., 248 Pa. 559; Flinn v. Phila., 258 Pa. 355; Louchheim v. Phila., 218 Pa. 100.

*Frank P. Cummings,* for appellee, cited: Driver v. Boro., 189 Del. Co. R. 345; Wabash Ave., 26 Pa. Superior Ct. 305; Com. ex rel. Snyder v. Mitchell, 82 Pa. 343; Findley v. Pittsburgh, 82 Pa. 351.

OPINION BY MR. JUSTICE KEPHART, March 15, 1926:

The City of Williamsport advertised for bids for paving. The plans and specifications therefor were on file in the office of the engineer. The advertisement contained the following: "The council......reserves the right to reject any or all bids or any part of any bid." The improvement covered twenty-six items of construction and, with a few exceptions, all related to paving; the exceptions pertained to sewers. Blanks were furnished bidders containing a form of proposal; in it unit

prices for each item of work was to be specified. Six of these proposals were received by the city. The lowest bidders were the Union Paving Company, $58,728.50, and Busch & Stewart, $59,049.40. After the bids were received, council, because of lack of funds to complete the entire improvement, eliminated all the items relating to sewers not necessary to the work. The effect of the changes was to place Busch & Stewart as the lowest bidders; thereupon appellant filed a taxpayer's bill to restrain the letting to the Union Paving Company.

Under Page v. King, 285 Pa. 153, recently decided, the court had jurisdiction to entertain the bill. Appellant contends there cannot be free competitive bidding unless the rank of the bidders be determined by tabulation of the submitted bids,—that the contract must be awarded on the basis of this tabulation, though changes in the work may subsequently be made. It will be observed, no question is here raised as to the skill, experience, reliability or responsibility of either of the construction companies, nor is any question raised as to the strict compliance with the terms of the bidding. To secure a place in the line of competitive bidding, each item must be and was filled out.

Under the terms of the advertising, we do not have squarely presented the question as to whether the city, before selecting the successful bidder, after the proposals are opened, may strike out of the construction plan certain parts of the scheduled work as being unnecessary, the result of which would be to prefer one contractor to another, or whether a general tabulation should control the awarding of the contract, after which the items may be stricken out. The advertisement reserved the right to reject any or all bids or parts of bids, and that is conclusive of the question. When the bidders placed their unit prices opposite the work to be done, they knew that, as a part of the proposal, the city might reject any part of any bid, provided, of course, the part rejected applied to all bidders. The standard for com-

petition was then the same for all persons desiring to compete for the work. If the city, after tabulation, designated one of the parties as the lowest bidder to whom the contract must be awarded, by that act it accepted his proposition, and the subsequent rejection of any part of the proposed work would not be a rejection of any part of the bid, but of the work. This action would be under a different clause in the letting which permitted the city to reduce the work after the contract was awarded. But the entire elimination of any part of the work, under this provision, might present a serious problem for the municipality if the course urged by appellant was followed; the city was not required to assume this difficulty under the terms of the letting.

The court below has found as a fact that there was no fraud, imposition, over-reaching or unfair dealing in striking out the items or in awarding the contract. The entire proceeding was without ulterior motive to prefer any bidder as the successful one. In exercising its right to eliminate certain items as long as the bids were bids, it did what the proposal called for, of which all had notice.

An ordinance is relied on as tending to show the municipality's right was restricted in the matter of elimination of work. The city, in the exercise of its discretionary power, had the right to abandon such sewer work as it deemed unnecessary to the general plan. The court below found it had not abused its discretion, and the court's action in this respect is binding on us. This disposes of the principal question raised in the case.

The decree of the court below is affirmed at cost of appellant.