26 So.2d 370

ADAMS et al. v. TOWN OF LEES-VILLE et al.

No. 37980.

April 22, 1946.

J. R. Ferguson and Sidney I. Foster, both of Leesville, for defendants, appellants.

J. Frank Smith, of Lafayette, F. P. Jones, Jr., of Houston, Tex., James G. Palmer, of Shreveport, and D. D. Newman and Wood & Wood, all of Leesville, for plaintiffs, appellees.

KENNON, Justice.

The plaintiffs, property owners in Leesville, La., filed three suits attacking a street paving contract between defendants, Town of Leesville and W. R. Aldrich &

Company, alleging that the Board of Aldermen of the Town of Leesville violated the mandatory provisions of Section 4 of Act 92 of 1934 by considering the bid submitted and by awarding the contract in "closed session"; that while the Board advertised its intention to pave five streets, a contract was awarded for the paving of only three streets and in two of the remaining streets certain blocks although carried as part of the projects in the prior proceedings—including the bid itself and the notice to taxpayers of the time and place for the submission of protests—were not included in the final contract.

Preliminary injunctions were issued and after the overruling of exceptions of no cause or right of action, a trial (consolidated) on the merits resulted in judgment in each of the cases in favor of the plaintiffs and against the defendants, decreeing the contract under attack null and void and perpetuating the writs of injunction.

A fourth suit, also consolidated in the trial, was one to enjoin the Board of Aldermen from letting a second contract on one of the three streets covered in the first contract. The court made permanent an injunction prohibiting the Board from entering into a second contract.

The defendants appealed all cases.

While there are no reasons in the record supporting the final judgments, the district court's written opinions filed in connection with the granting of the several preliminary

injunctions indicate that its principal reason for nullifying the contract was that the official minutes of the Board of Aldermen recited that the Board went into executive session while conducting a portion of its proceedings incident to the study of the bid, etc., and that the contract awarded left out two of the five streets advertised and left out certain blocks of two of the remaining three streets.

The minutes of the meeting of the Board of Aldermen of August 8, 1944, show that while the reception of bids was in open meeting the Board went into executive session and excluded the public, including interested property owners, during the time the Board was proceeding to consider the bid. The following extract from these minutes indicates clearly that the Board did decide while in executive session to eliminate two of the five projects bid on and to cut down the number of blocks to be paved on two other streets:

"In compliance with the printed advertisement, the Body was opened for the reception of bids for the paving of the following streets:

"(1) Second Street from Lula Street to Harriet Street;

"(2) Harriet Street from Second Street to Fifth Street;

"(3) Fourth Street from South Street to Singleton Street;

"(4) Lula Street from First Street to Tenth Street;

"(5) Tenth Street from Lula Street to Texas Street;

"The only bid that was presented was made by W. R. Aldrich Company, of Baton Rouge, Louisiana.

"Upon motion by Temple, seconded by Pynes, and duly carried, the Body went into Executive Session.

"After the Body came out of Executive Session, it was moved by Pynes, seconded by Temple, that subject to the acceptance by the W. R. Aldrich Company of the change in the following streets, the same be paved:

"Harriet Street from Third Street to Fifth Street

"Lula Street from Third Street to Tenth Street

"Tenth Street from Lula Street to Texas Street.

"Mr. Aldrich and his superintendent, Mr. Holland, were called in and agreed to accept the contract as changed.  *  *  * "

■ The record shows that the notice to the public that protests would be heard on July 5, 1944, stated that the proposal was to pave the *five Streets* as listed in the above extract. Since a less amount of paving was "let" a serious question arises, as it is not fair to assume that there would not have been more protests from property owners along the portion of the three streets which were ordered paved, had they known that some of the blocks at the other end of their own street were to be left un-

paved in the final contract, and that two of the five connected streets advertised were not to be paved at all. The intent of the law requiring a notice of the time and place at which protests may be entered is not complied with in a case where the governing body advertises the paving of five streets "as a proposal" and after protests, if any are heard, and the time for making further protests has expired, the Board eliminates two of the five connected streets and proceeds to let the contract for a substantially less portion of three remaining streets.

■ In Municipal Corporations, Dillon, 5th Ed., Vol. II, Sec. 807, page 1214, we find:

" *  *  * If a contract differing therefrom in terms be awarded or made, it cannot be said to have been the result of the competition which the statute requires, and it is invalid. The rule that the contract must conform to the plan, specification, bid, and advertisement applies, although but one bid was made, and although there is no allegation or suggestion of fraud, and although the change made in the contract is to the advantage of the city."

In the case of Barber Asphalt Paving Co. v. Watt, 51 La.Ann. 1346, 26 So. 70, the Louisiana Supreme Court, in an opinion by Justice Blanchard, held that *  *  * A departure in any material part from the plain terms of a statute authorizing local assessment will be fatal."

■ The above quoted minute entry indicates that in the closed session, the Board

made substantial alterations in the advertised projects—through the elimination of two of the five projects and the shortening of two of the remaining three—and, consequently, the proceeding incident to the award of the contract did not meet the requirement that the contract as let should conform substantially with the proposal advertised, nor did the proceeding comply with the mandatory provision of Section 4 of Act 92 of 1934 " * * * That the governing authority of the municipality shall meet in open session * * * to open said bids and award the contract * * * ."

■ It is urged that it might possibly be harmful to the public interest if some discussion of the contract were had in an open meeting of the Board of Aldermen. There is no constitutional basis for such a contention. Therefore, the matter is one which addresses itself to the wisdom of the legislation and not to its validity.

For the above reasons, we conclude that the August 8, 1944, contract is null. In view of this holding, it is unnecessary to pass upon the plea of unconstitutionality of Section 8 of Act 92 of 1934, as raised in the Adams' suit.

The case in which J. Rollie Turner et al. are plaintiffs presents an issue not included in the other cases. After the filing of all of the other suits and the issuance of preliminary injunctions, the Board proceeded to readvertise for bids for the paving of Lula Street—one of the three streets covered by the August 8, 1944, contract. Shortly before the date upon which bids were to be received and opened, J. Rollie Turner and his co-plaintiffs, who also owned property along the street affected, filed suit to enjoin the Town of Leesville from proceeding further towards executing a second contract on the ground that the second contract could not. be lawfully awarded as long as the contractor was insisting upon and contesting in court his right to complete the paving of Lula Street under the August 8, 1944, contract, and asserting that, to do so would force petitioner to run the risk of two liens being presented against their property in connection with the same work and would place upon the taxpayers the extra expense of litigating over the second contract, in the event the first contract was declared valid. The district court granted a preliminary injunction prohibiting the Board of Aldermen from letting a second contract. At the trial, this suit was heard as one of the consolidated cases and judgment was rendered in favor of the plaintiffs decreeing void all proceedings in connection with the proposed second contract and perpetuating a judgment against the Town of Leesville, enjoining it: " * * * From letting or entering into a contract with any contractor from and after December 4, 1944, for the paving and improving of Lula Street between Third Street and Tenth Street in Leesville * * * ."

■■ Injunction proceedings are equitable in their nature. There was ample rea-

son for the district court—in view of the confused situation relative to the first contract and the pending suits in which both the City and the contractor were setting up its validity—to enjoin the execution of the second contract, which might well be calculated to produce additional litigation and with its resultant expense upon the town and its taxpayers. Now that the original contract has been declared void, there no longer exists any reason why the town should remain under injunction preventing lawful contracts for the paving of any of its streets.

For the reasons assigned, the judgments in the cases of Mrs. Maggie Smith et al. v. Town of Leesville et al. (No. 12273) and Dr. Finas P. Jones et al. v. Town of Leesville et al. (No. 12285) are affirmed; in the case of Mrs. Elizabeth Adams et al. v. Town of Leesville et al. (No. 12275) the judgment appealed from is amended by striking therefrom the decree maintaining the plea of unconstitutionality and, as amended, it is affirmed; and in the case of J. Rollie Turner et al. v. Town of Leesville et al. (No. 12366) the judgment is set aside and the plaintiffs' suit is dismissed as of nonsuit; costs of all proceedings to be borne by the defendant, W. R. Aldrich & Company, except one-half of the stenographer's costs for transcribing the testimony, which is to be borne by the defendant, Town of Leesville.

O'NIELL, C. J., absent.