PONDER, Justice.
In this suit the plaintiff seeks to annul a contract awarded by a drainage district, to enjoin the defendants from taking further action under the contract, and for a mandatory injunction commanding the drainage district to award the contract to the plaintiff as the lowest responsible bidder. Upon trial, the lower court dismissed plaintiff’s demands. A writ of certiorari, coupled with a stay order, was granted by this Court.
Gravity Drainage District Number 1 of Rapides Parish inserted an advertisement in a newspaper, the Alexandria Daily Town Talk, inviting bids to be received on March 11, 1959, for the construction of storm drainage improvements designated as Project No. 1959-1. The advertisement stated that the prospective bidders could examine, in the office of the District Engineer, the plans, specifications, and other contract documents. The plaintiff’s bid was the lowest of the several contractors who submitted bids for the contemplated work. After the bids were opened and tabulated, the drainage district announced that it was deleting two of the twelve proposed parts of the work because of insufficient funds to complete the entire project as advertised, and after deletion of these two parts, the drainage district awarded the contract to L. H. Bossier, Incorporated, and R. J. Ducote, hereinafter referred to as Bossier-Ducote, on the ground that after the deletion of these parts Bossier-Ducote was the lowest bidder.
The plaintiff contends that it was the lowest bidder under the provisions of LSA-R.S. 38:2211 and that it should have been awarded the contract and that if any portion of the project could not be completed because of insufficient funds that portion of the work could have been omitted after the contract was awarded.
While on the other hand, the defendants take the position that there was no change made by the drainage district in the contract as advertised and that under the contract documents it reserved the right to remove any section, part, or segment of the work from the contract. The drainage district contends that it has a discretion in the matter and has acted in the best interest of the taxpayers when it awarded the contract to Bossier-Ducote.
It appears that the contract was to be let as a whole and that there was no request for alternative bids. While there was a breakdown into twelve segments, it is provided in the proposal that this breakdown into segments was only for the purpose of convenience.
*195 LSA-R.S. 38:2211 provides:
“All public work to be done, exceeding the sum of one thousand dollars, by any public corporation or political subdivision of the state or for the purchase of materials or supplies to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who has bid according to the contract, plans, and specifications as advertised.”
LSA-R.S. 38:2212 provides:
“ * * * The governing authority may reject any and all bids.”
The plans and specifications, and other contract documents furnished the bidders provided:
“The right is reserved by the undersigned Owner to reject any and all bids and to waive informalities.” (Invitation for Bids)
“All work as indicated on the plans or required by the specifications will be a part of this contract, and the breakdown into parts, sections and segments is for convenience only in reference to the preliminary planning conferences prior to this contract.”
* # * * * *
“It is the intent of the Owner that all items of work as listed above will be let as one single contract.” (Special Provisions)
“It is further understood that the award of contract to the lowest, trustworthy, responsible bidder is intended, but that the Owner reserves the right to reject any or all proposals, or to accept any proposal which, in the judgment of the Owner, will be for their best interest.”
“ * * * We, or I, hereby propose to construct and complete the entire work of the project in accordance with the plans and specifications. * * (Proposal)
This Court in construing the law enunciated in LSA-R.S. 38:2211 and 38:-2212 made this pertinent observation in the case of Donaldson v. Police Jury of Tangipahoa Parish, 161 La. 471, 486, 109 So. 34, 40:
“Specifications cannot lawfully be altered after the bids have been made without a new advertisement giving all bidders an opportunity to bid under the new conditions. Public officers cannot enter into a contract, with the lowest bidder containing substantial provisions beneficial to him, not included in or contemplated in the terms and specifications upon which bids are invited. The contract must be the contract offered to the lowest responsible bidder by advertisement. See 19 R.C.L. § 3S7, p. 1071.
*197 “To permit a material departure in the contract from the terms and specifications upon which the bidding is had would open wide the door to favoritism and defeat the purpose of the law in requiring contracts to be let upon bids made upon advertised specifications.”
And in the case of Adams v. Town of Lees-ville, 210 La. 106, 112, 26 So.2d 370, 372, this Court stated:
“In Municipal Corporations, Dillon, 5th Ed., Vol. II, Sec. 807, page 1214, we find:
“ ‘ * * * If a contract differing therefrom in terms be awarded or made, it cannot be said to have been the result of the competition which the statute requires, and it is invalid. The rule that the contract must conform to the plan, specification, bid, and advertisement applies, although but one bid was made, and although there is no allegation or suggestion of fraud, and although the change made in the contract is to the advantage of the city.’ ”
Under the provisions of LSA-R.S. 38:2211 and the aforementioned decisions of this Court, it is apparent that the drainage district had no authority to award the contract to Bossier-Ducote by changing the terms of the contract as advertised. When the bids were opened and tabulated and the drainage district found that it did not have sufficient funds to complete the project, it was its duty to reject all of the bids and readvertise inviting bids to be made on the reformed plans and specifications. To avoid situations as here presented, it is always safe to ask for alternative bids. While all the parties in this suit acted in perfect good faith yet to permit the changing of a contract after bids were received and tabulated, and permit the awarding of the contract in the manner as was done herein would open the door to favoritism and fraud ánd thereby defeat the very purpose of LSA-R.S. 38:2211. In other words, by such means it would permit the manipulations of items within a contract in such a manner as to award the contract to any one of the bidders. A precedent cannot be set which would authorize any one in the future to engage in manipulations to defeat the purpose of LSA-R.S. 38:2211 and 38:2212.
The defendants rely on the holding in the case of Straw v. City of Williamsport, 286 Pa. 41, 132 A. 804, 805. From this expression in that case it does not seem to afford the defendants much comfort, viz.:
“Under the terms of the advertising, we do not have squarely presented the question as to whether the city, before selecting the successful bidder after *199 the proposals are opened, may strike out of the construction plan certain parts of the scheduled work as being unnecessary, the result of which would be to prefer one contractor to another, or whether a general tabulation should control the awarding of the contract, after which the items may be stricken out. The advertisement reserved the right to reject any or all bids or parts of bids, and that is conclusive of the question. When the bidders placed their unit prices opposite the work to be done, they knew that, as a part of the proposal, the city might reject any part of any bid, provided, of course, the part rejected applied to all bidders. The standard for competition was then the same for all persons desiring to compete. for the work.”
But be that as it may, if the holding in that case was favorable to the defendants, it could at the most be only persuasive. We are governed by LSA-R.S. 38:2211 and 38:2212 and the' comments made in the aforementioned "decisions of. this Court.
-The plaintiff’s demand to be awarded the contract as the lowest bidder cannot be granted under the circumstances in this case. We have arrived at the conclusion that the contract entered, into between the defendants was invalid because the drainage district, due to insufficient funds, was unable to complete the project as advertised and, therefore, we cannot order the contract awarded to the plaintiff, for the reasons that it is not the lowest bidder for the work to be actually performed. It is suggested in the plaintiff’s brief that the plaintiff would perform the work for the same price called for in the contract awarded to Bossier-Ducote. We have stated that the drainage district cannot change the contract and award it to a bidder after the bids are tabulated and bidders cannot be permitted to change their bids thereafter. Under situations as appearing herein, the district had only one alternative and that is to reject all bids and readvertise same. Sternberg v. Board of Commissioners of Tangipahoa Drainage District No. 1, 159 La. 360, 105 So. 372. In other words, if the contract could not be performed as advertised it was the duty of the drainage district to reject all bids under LSA-R.S. 38:2211 and 38:2212 and readvertise, soliciting bids for work actually to be performed. It would be inconsistent to say in one breath that the contract cannot be let except in its original form and then to say that the Court can compel the drainage district to award the contract to the plaintiff when the original contract cannot be carried out.
Relator in its brief, filed after this case was submitted, cites two cases in support of its contention that it should be *201 awarded the contract, viz.: Gunning Gravel & Paving Co. v. City of New Orleans, 45 La.Ann. 911, 13 So. 182; St. Landry Lumber Co. v. Mayor & Board of Aldermen of Town of Bunkie, 155 La. 892, 99 So. 687. The rationale of those cases is to the effect that a board or agency cannot arbitrarily reject the lowest bid without any facts justifying such action. In view of the fact that the drainage district, after the bids were submitted, ascertained that it was without sufficient funds to complete the project as advertised, the refusal to accept the relator’s bid was not arbitrary or without facts justifying same. We have been unable to find any authority wherein a board or agency was compelled to accept a bid under circumstances such as are presented in this case.
For the reasons assigned, the judgment of the lower court is reversed and set aside and there is now judgment decreeing the contract awarded by Gravity Drainage District Number 1 of Rapides Parish to L. H. Bossier, Incorporated, and R. J. Ducote, on March 23, 1959, to be null and void, and denying plaintiff’s demand to be awarded the contract. All costs of these proceedings to be paid by L. H. Bossier, Incorporated and R. J. Ducote.
McCALEB, J., dissents with written reasons.