McCALEB, Justice
(dissenting).
It is my opinion that the award of the contract by defendant Drainage District to Bossier-Ducote conformed with the provisions of R.S. 38:2211 and that the district judge was eminently correct in dis^ missing plaintiff’s suit.
Since it is conceded that there is no proof of fraud, favoritism or wrongdoing on the part of defendant district, it seems to me that the only legal question for decision is whether the plans, specifications, invitations for bids and proposals authorized the District to eliminate from the contract,, prior to its letting, two of the twelve proposed parts of the work.
The facts show that, when the bids were opened for the proposed twelve parts or segments of work included in the invitation for bids, plaintiff partnership was the low bidder ($157,248.96) and that Bossier-Ducote was the next low bidder ($159,-844.92). The low bid for the entire work was approximately $30,000 more than the Drainage District was able to expend and, consequently, its Board took all bids under advisement with a view of eliminating one or more of the parts of the work found to be least important. After due consideration, the Board members decided to delete from the contract to be let Section 5, Part 7, Proposal Summary Item No. 12, Part 4, Proposal Summary Item No. 10. With the deletion of these two items, on which all bidders had made separate *203 bids, the tabulation of all bids revealed that Bossier-Ducote became the low bidder in the amount of $138,416.32 and plaintiff, the second low bidder, in the amount of $138,629.72.
That the Drainage District was given the right to eliminate the two parts or segments from the contract it awarded is plainly disclosed by the documents upon which the bids were based. The proposal signed by all bidders in presenting their separate bids to the Drainage District declares, in part:
“The undersigned bidder understands that the breakdown of bid items into Sections, Parts and Segments is solely for the convenience of the Owner in determining cost of various sections of the work, and that all work to be done will be awarded under one contract.
“The Owner reserves the right to remove any section, Part or Segment of work from the contracts (Italics mine.)
Thus, it cannot be doubted that the bidders were informed and understood that, whereas they were bidding separately on twelve parts or segments of work, the Drainage District would not necessarily let a contract for all segments but that whatever work it did let would be awarded under one contract. The District specifically reserved the right to remove any section, part or segment of work from the contract — meaning, obviously, the contract to be awarded, and not, as plaintiff contends, a work change following the awarding of the contract.
The district judge, in a well-reasoned opinion in which he found that this case was on a parity with that of Straw v. City of Williamsport, 286 Pa. 41, 132 A. 804, ably disposed of plaintiff’s contention thus:
“This case (Straw) beyond question is on all-fours with the case at bar. There is, of course, a difference in the wording in expressing the reserved right to delete portions of the contemplated work, however, the meaning is precisely the same. In the Straw case, the city had reserved the right ‘to reject any or all bids or any part of any bid.’ In this case, defendant District reserved the right ‘to remove any section, Part or Segment of work from the contract.’ It has already been said that this latter language does not mean that the contract must be awarded to the low bidder on the entire work and then, by means of a change order, the work to be deleted can be specified. To the contrary, the meaning is that the items of work to be deleted are specified before the contract is executed so that they will not appear finally in that *205 document. The language used appears plain enough, and certainly it was not meant to convey the idea that a contract for the entire work originally contemplated would be awarded to one whom the contracting authority knew in advance was a high bidder on the work remaining after the deletions had been determined and specified. That, of course, is the contention of plaintiffs here for the plaintiff partnership was in fact a high bidder on the work remaining after the deletions had been determined and specified.”
The majority opinion, as I understand it, reasons in part that the method used by the Drainage District in this case is to be condemned because it is contrary to the spirit and purpose of R.S. 38:2211 in that it is possible for a public awarding authority to practice favoritism and fraud whenever it is permitted to delete work from its proposal prior to the letting of the contract. It appears to me that this ruling is improper and actually amounts to a judicial re-writing of the statute. Furthermore, I think it untenable to conclude that a public body, with a limited amount of funds to expend for improvements, may not obtain bids with the advance understanding that part of the project will be abandoned in the event the costs exceed the funds at its disposal. To say that it must either give the contract to the low bidder for the project as originally proposed and cannot award it to the low bidder for the work to be done (and must readvertise), seems contrary to the public interest.
The decisions in Donaldson v. Police Jury of Tangipahoa Parish, 161 La. 471, 109 So. 34 and Adams v. Town of Leesville, 210 La. 106, 26 So.2d 370, cited in the majority opinion are without pertinence to this case. Those matters involved a change in specifications and plans, after all of the bids had been received and the contracts awarded in the Donaldson case, and prior to the award in the Adams case, and the court rightly held that those sort of changes were detrimental to the public interest and violative of the statute inasmuch as they were not authorized by the plans, specifications or invitation for bids. But here, the alterations in the contemplated work were sanctioned by the plans, specifications, proposals for bids and other documents; all bidders have been treated alike and each indicated in his proposal that he understood that the District reserved the right to remove any Section, Part or Segment of work from the contract to be let. Hence, the public letting in this case was not violative of the law. Indeed, the contract was awarded to the lowest bidder in accordance therewith.
I respectfully dissent.