428 So.2d 1021 (1983)
BILONGO, A Louisiana Partnership
v.
The DEPARTMENT OF HEALTH AND HUMAN RESOURCES, and State of Louisiana.
No. 82 CA 0348.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Michael R. Fontham, Jo Harriet Strickler, New Orleans, counsel for plaintiff-appellee Bilongo, a Louisiana Partnership.
R. Bruce Macmurdo, Ben R. Miller, Rose Polito Wooden, Baton Rouge, counsel for defendants-appellants Dept. of Health & Human Resources and State of Louisiana.
Before PONDER, SAVOIE, and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment on a motion for summary judgment filed by plaintiff wherein the parties stipulated that the liability on a lease between plaintiff and defendant, subsequently cancelled by defendant, would be decided by summary judgment reserving for trial any question of amount of damages. The trial court declared the lease valid, and rendered a partial summary judgment in plaintiff's favor based on that finding.
The facts of the case as presented by the pleadings, affidavits, depositions and exhibits are that in October, 1974, the Division of *1022 Administration, pursuant to public bid law, gave a notice to bidders to bid on leasing new-construction office space in Lafayette for the Department of Health and Human Resources. The notice to the bidders provided that the bid should include provisions for the lessor to bear the expense of utilities, janitorial service, and supplies, and to bear the cost of maintenance of light fixtures. Additionally, the standard bid form which constituted part of the bid package and was submitted to all interested bidders provided for the lessor to have sole responsibility for maintenance and repairs to the air conditioning and heating system. There was no provision in the bid package for payment of ad valorem taxes, but the state contends this was the responsibility of the lessor under C.C. Art. 2702.
On November 6, 1979, Bilongo submitted the only bid consisting of two bids, or alternate bids. One bid was for $12.50 per square foot per year, and included provisions that the lessor would pay the ad valorem taxes, utilities, janitorial service, insurance, and other maintenance costs. However, there was an escalation clause requiring the State to assume all these costs in excess of $35,342.50 ($2.50 per square foot) annually. The other bid was for $10.00 per square foot per year, and provided for the State to incur responsibility for the above mentioned costs. The State elected to accept the $10.00 per square foot bid and reject the $12.50 per square foot bid. The bid as accepted contained an addendum obligating the lessor to bear all costs for major repairs to air conditioning and heating, and the lessee to bear minor maintenance costs. Based upon that, a contract of lease was entered into by the State and the plaintiff. Subsequently, the building was constructed.
When the building was ready for occupancy, the plaintiff was notified that because it was the opinion of the Division of Administration that the acceptance of the bid was invalid, the State would not honor the lease. There had been a change in State administrations from the time of the signing of the contract of lease and the subsequent refusal of the State to honor the lease.
The State's position is that the bid which was finally accepted is an absolute nullity, void ab initio, because it deviated from the bid proposal in the respects outlined above. This position derives from the jurisprudence which holds that where statutes require advertising and competitive bidding, such statutes are considered prohibitory law, founded on public policy, and contracts violating their requirements; are wholly illegal. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943). The State contends that this jurisprudence means that bids which deviate from the specifications amount to no bids, because other prospective bidders were not notified and thus were unable to bid on proposals finally accepted.
The State's position is correct where competitive bidding is required by law, and contracts are entered into without bids. cf. Boxwell v. Department of Highways, supra. It is also correct where the bids accepted deviate substantially from the bid proposal. Such deviation also amounts to no bidding contrary to the law requiring such. cf. Adams v. Town of Leesville, 210 La. 106, 26 So.2d 370 (1946). On the other hand, where there is a deviation between the bid proposal and the bid, which is considered insubstantial, there is valid competitive bidding, and contracts based thereon are not void.[1]Tide Equipment Co. v. Pointe Coupee Par. Police Jury, 312 So.2d 154 (La.App. 1st Cir. 1975) writ refused, 315 So.2d 38 (1975). Therefore, the question is whether there was a substantial variance between the bid *1023 proposal and the bid submitted and accepted.
In this particular instance, the question of whether there is a substantial variance presents a question of fact that cannot be determined simply by looking at the bid proposal and the bid. The bid of $10.00 per square foot with the State paying utilities and janitorial services may or may not result in the expenditure of substantial sums by the State depending on what projections would indicate as to the actual cost over the term of the lease of the State incurring this obligation. To make this determination, the trial court is going to have to hear evidence as to the factual data considered by the State agency which accepted the bid to determine whether the acceptance was within their discretion to determine the existence of a substantial variance.
Another settled principal of law becomes applicable. In determining what is the low bid where more than one bidder is involved and the law requires the awarding of the bid to the lowest responsible bidder, the public body with the authority to make this determination is given wide discretion and will not be interfered with by the courts unless arbitrary or capricious. Tide Equipment Co. v. Pointe Coupee Par. Police Jury, supra. And, of course, the bidder is given the opportunity to defend his responsibility. Haughton Elevator Division v. State, through the Division of Administration, 367 So.2d 1161 (La.1979). There is no reason why the same rule should not be applicable to a determination of whether the bid substantially varies from the proposal.
The plea of estoppel and ratification is not relevant. If there is no substantial variance, the lease is good. If there is, the lease is an absolute nullity not subject to ratification.
A motion for summary judgment is not the appropriate vehicle for making this determination.
Accordingly, the judgment of the trial court is REVERSED AND the case REMANDED, to be proceeded with in accordance with this judgment. Appellee is cast with all costs.
REVERSED AND REMANDED.
NOTES
[1] The legislature has apparently accepted the substantial deviation requirement. The new Louisiana Procurement Code enacted effective July 1, 1980 provides that contracts will be awarded "... to the lowest responsive and responsible bidder whose bid meets the requirements and criteria set forth in the invitation for bids..." LSA R.S. 39:1594(G). A "responsive bidder" is defined as one ..." who has submitted a bid under R.S. 39:1594 which conforms in all substantive respects to the invitation for bids, including the specifications set forth in the invitation." R.S. 39:1591(8). (emphasis added)