Dear Ms. Shirley:
You have requested the opinion of this office on the following issues relating to the existing contract by the Concordia Parish Police Jury with George D. Eames for collection of solid waste in the parish. The specific questions raised are:
 1. Is the contract void because of its failure to contain general change order provisions under La. R.S. 38:2212(A)(4)?
 2. If not, would the extension of door-to-door service to those areas of the parish not now receiving such service under the contract require the rebidding of the contract or could this change be effected by a change order, even if such change order would result in charges in excess of $30,000?
In response to your first question I would point out that the provisions of La. R.S. 38:2212(A)(4) are not applicable to the parish's contract for solid waste collection services at all. The statute states, "(4) All public work contracts shall contain provisions authorizing the issuance of change orders within the scope of the contract." [Emphasis added.] The contract at issue here is not a "public work" contract, but rather a contract for services. This principle was set forth in the case of Browning-Ferris, Inc. v. City of Monroe et al,465 So.2d 882 La.App. 1 Cir. 1985. Therefore, there is neither the requirement nor the authority in the statute for change orders in your solid waste collection contract.
As a consequence of the above response to your first inquiry, it follows that it is not now permissible to substantially alter the provisions of the existing contract. On numerous occasions our courts have held that it is contrary to the letter and spirit of the Public Bid Law to alter the requirements of the specifications once the bids are received. HTW Transportation Co., Inc. v. New Orleans Aviation Board, 527 So.2d 339 La.App. 4 Cir., 1988; Alexander and Alexander, Inc. v. Hugh Carleton et al, 470 So.2d 976 La.App. 1 Cir., 1985; Barber Brothers Contracting Co., Inc. v. La. D.O.T.D., 529 So.2d 442 La.App. 1 Cir., 1988; Bilongo v. D.H.H.R., 428 So.2d 1021 La.App. 1 Cir., 1983; W.R. Aldrich Co. v. Gravity Drainage District No. 1,114 So.2d 860 La., 1959.
Under the circumstances, it appears that the Police Jury can either live with the current terms of the existing contract and services until the end of the contract term on November 12, 1994 or may seek to obtain the voluntary termination of the existing contract by the contractor and then proceed to solicit new bids for solid waste collection, as required by La. R.S. 33:4169.1, based on the new contract terms sought which would extend door to door collection to the entire parish.
I trust that this answers your inquiries. Please advise if we may be of further assistance to you.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:0324z