Dear Ms. Landrieu:
At the Financial Advisor Subcommittee Meeting of the State Bond Commission (the "Commission") held on December 15, 1992, you requested the opinion of this office in connection with the proposal of Public Finance Management, Inc. ("PFM") in response to the Request for Proposals ("RFP") issued by the Commission for a financial advisor. The RFP was issued in accordance with the Professional, Personal, Consulting, and Social Services Procurement Code (the "Professional Procurement Code") contained in R.S. 39:1481, et seq.
Attached to and made a part of the RFP was the contract to be executed upon selection of a financial advisor. The contract states "[t]he Financial Advisory Firm agrees that during the term of this Contract it will neither underwrite, or assist in the underwriting, of debt of the State or any local governmental entity in the State, nor act as financial advisor, or give financial advice to, any other agency, board, public trust, authority, or political subdivision in the State, except as directed by the Commission and approved by the Commission in writing, in which case such work shall be governed by the terms and conditions of the Contract. . . ."
PFM's response states in pertinent part "PFM takes exception to and would request a waiver . . . with respect to the disallowance of doing any financial advisory work for any other issuers within the State of Louisiana. As noted elsewhere in this response to the RFP, PFM presently has several relationships within the State. . . ."
Specifically, you have asked whether the Commission can grant the waiver requested by PFM?
It is the opinion of this office that the Professional Procurement Code prohibits the Commission from granting the waiver.
The purposes and policies of the Professional Procurement Code are set forth in R.S. 39:1482(B) and include the promotion of increased public confidence in the procedures followed in public procurement, insuring the fair and equitable treatment of all persons who deal with the procurement system of this state; and providing safeguards for the maintenance of a procurement system of quality and integrity.
R.S. 39:1503(B) provides that the "Request for Proposals shall indicate the relative importance of price and other evaluation factors, shall clearly define the tasks to be performed under the contract, the criteria to be used in evaluating the proposals and the time frames within which the work must be completed." (Emphasis supplied.) R.S. 39:1503(C) provides that the "award shall be made to the responsible offerer whose proposal is determined in writing . . . to be the most advantageous to the state, taking into consideration price and the evaluation factors set forth in the Request for Proposals." (Emphasis supplied.)
Clearly, the Professional Procurement Code contemplates that the award shall only be made to an offerer who complies with the terms and conditions of the RFP. Any other interpretation would ignore the purposes and policies of the legislature in establishing the Professional Procurement Code, in particular, ensuring "the fair and equitable treatment of all persons". By its very terms, the RFP limited the pool of respondents to those firms which do no other business in the State or which were willing to sever their existing relationships with other entities in the State. It would be unfair to grant a waiver without reopening the process to other potential offerers. Of course, that would entail rejecting all proposals and beginning the entire process anew.
Furthermore, it is our opinion that PFM's offer is not responsive to the RFP, as they have expressed their unwillingness to sever their relationships with other issuers within the State of Louisiana, which is in conflict with the mandatory requirement of the RFP. Our research revealed no published judicial decisions which address the situation at hand. However, in support of our opinion we analogize to jurisprudence regarding the public bid law. Under the public bid law, it is clear that specifications cannot be altered after the bids have been received unless there is a new advertisement giving all bidders an opportunity to bid under the new conditions. The contract must conform to the plan, specification, bid and advertisement. W.R. Aldrich Co., et al. v. Gravity Drainage District Number 1 of Rapides Parish,238 La. 190, 114 So.2d 860 (La. 1959); Adams v. Town of Leesville,210 La. 106, 26 So.2d 370 (La. 1946); Jefferson Parish School Board v. Rowley Co., Inc., 350 So.2d 187 (La.App. 4th Cir. 1977); Donaldson v. Police Jury of Tangipahoa Parish, 161 La. 471,109 So. 34 (La. 1926).
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav