Dear Mr. Kliebert:
You have requested the opinion of this office on the following issue:
 The St. James Parish School Board advertised for bids to build a new high school. All bids received were in excess of the budgeted amount. Can the School Board make changes to the construction contract in an amount approximately 8% less than the lowest bid and award the contract to the previous low bidder without the necessity of throwing out all bids and readvertising?
The Public Bid Law, La. R.S. 38:2211 and following, does not explicitly address the issue which you raise. A somewhat similar situation was considered in the case of W.R. Aldrich 
Co. v. Gravity Drainage District, 114 So.2d 860 (La. 1959) and the court there held:
 Specifications cannot lawfully be altered after the bids have been made without a new advertisement giving all bidders an opportunity to bid under the new conditions. Public officers cannot enter into a contract with the lowest bidder containing substantial provisions beneficial to him, not included in or contemplated in the terms and specifications upon which bids are invited. The contract must be the contract offered to the lowest responsible bidder by advertisement.
However, the facts in Aldrich differed significantly from those in the situation which you have presented. In Aldrich, by eliminating part of the work in order to bring the project within the construction budget, the low bidder on the entire project was no longer the low bidder and the work would have been awarded to someone other than the low bidder.
Also, at the time of the Aldrich decision in 1959, the Public Bid Law contained no provisions authorizing change orders in public contracts. The provisions which now require that public works contracts authorize "change orders within the scope of the contract" were first added to R.S. 38:2212 as paragraphs A(4),(5),(6) (7) were added by Act 795 of 1979. It is common practice in public works to use changes orders to both add to and delete from the specifications originally submitted to bidders. It is safe to say that no major public work project has been completed since that time without numerous change orders to meet the needs of the job as it evolved through construction.
In light of the change order provisions added to the statute since the Aldrich case and since the award in the situation you cite would be made to the low bidder, we feel that it would not be in conflict with the requirements and the spirit of the Public Bid Law to enter into a contract with the low bidder for the amount of its bid and to contemporaneously execute delete change orders which would bring the project within the funding budgeted for the construction. Wherever possible, such changes in the specifications should utilize unit prices which may have been provided by your bidder in its original bid.
Of course, the School Board may also choose to cancel the original solicitation under the authority of La. R.S. 38:2214B which specifically states that "the unavailability of funds sufficient for the construction" is just cause for cancellation. Then the School Board would be in a position to make the revisions in the plans necessary to bring the project within budget and seek new bids.
I trust that this answers your inquiry. Please advise if we may be of further assistance to you in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI/GRD:0407z