VIRGINIA WRECKING COMPANY, INC.

VERSUS

JEFFERSON PARISH SCHOOL BOARD, AND
DR. GERARD LEBLANC, IN HIS OFFICIAL
CAPACITY AS PRESIDENT OF THE
JEFFERSON PARISH SCHOOL BOARD

NO. 24-C-183

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 852-440, DIVISION "D"
HONORABLE JOHN E. LEBLANC, JUDGE PRO TEMPORE,
PRESIDING


May 01, 2024


**TIMOTHY S. MARCEL**
**JUDGE**
Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel


**WRIT DENIED**
    **TSM**
    **MEJ**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
VIRGINIA WRECKING, INC.
     F. Evans Schmidt

COUNSEL FOR DEFENDANT/RELATOR,
CONCRETE BUSTERS OF LOUISIANA, LLC
     Adrian A. D'Arcy
     Andrew G. Vicknair
     Ashley B. Robinson

COUNSEL FOR DEFENDANT/RESPONDENT,
JEFFERSON PARISH SCHOOL BOARD
     Olden C. Toups, Jr.

**MARCEL, J.**

In this case arising from a disputed bid on a public works contract, relator Concrete Busters of Louisiana, LLC seeks supervisory review of an April 17, 2024 judgment of the trial court granting a permanent injunction requested by Virginia Wrecking Company, Inc., prohibiting the Jefferson Parish School Board from proceeding with the Project or Contract with any other bidder, declaring the prior award of the contract to Concrete Busters a nullity, dismissing Concrete Busters' petition for intervention and reconventional demand, and granting a writ of mandamus directing the President of the School Board to award the contract to Virginia Wrecking. This judgment was certified as partially final pursuant to La. C.C.P. art. 1915(B); nevertheless, Concrete Busters seeks expedited review of this writ and alleges irreparable harm should Virginia Wrecking be awarded the contract at the next School Board meeting on May 1, 2024. For the following reasons, this writ is denied.

BACKGROUND

The facts of this case are largely undisputed, as indicated by the stipulations of fact submitted at the injunction hearing, which also included true and correct copies of the bidding documents at issue attached as exhibits. Bids for this public project, "Raze the School Campus at Helen Cox High School Project No. 2023-05" were due on February 20, 2024 at 2:00 p.m. Bidders were given the option to submit their bid electronically in accordance with La. R.S. 38:2212(E), with bidders choosing to file electronically being required to use the website www.centralbidding.com. No other methods of submitting an electronic bid were provided. The instructions to bidders stated a requirement for bidders to post security for their bid in the form a certified check, a cashier's check, or bid bond. JPSB did not impose any special bid security requirements for electronic bidders, nor did they specify a particular type of security.

On February 20, 2024, prior to submitting its bid, Virginia Wrecking obtained a check from the Bryant Bank by transferring $35,000.00 of Virginia Wrecking funds to the Bryant Bank, and that check was endorsed by a bank employee. Virginia Wrecking submitted its bid electronically using www.centralbidding.com on February 20, 2024 at 1:44 p.m. and uploaded as proof of its bid security in the sum of $35,000.00 a cashier's check labeled "Official

Check". This check was provided to JPSB in physical form the next day on February 21.

On February 21, JPSB reviewed the bids, and Virginia Wrecking was the lowest bidder with a bid of $442,143.00. The next highest bid was Concrete Busters with a bid of $509,400.00, a difference of $67,257.00. On March 6, 2024, at a regularly scheduled JPSB meeting, Virginia Wrecking's bid was rejected as "non-responsive" and the project contract was awarded to Concrete Busters.[1]

On March 15, Virginia Wrecking filed a petition for temporary restraining order, preliminary and permanent injunction, writ of mandamus, and declaratory judgment against JPSB and Dr. Gerard LeBlanc, in his official capacity as JPSB president. Concrete Busters filed a petition for intervention on March 18. Trial on the petitions was held on April 8, 2024 at which time judgment was rendered in open court. The written judgment with reasons was issued on April 17, 2024, and this timely writ application followed.

In its assignment of error, Concrete Busters claims that the district court was manifestly erroneous in failing to recognize that an electronic copy of the front of a check does not meet the requirements of bid security under the Louisiana Public Bid Law and as such, Virginia Wrecking's bid was unsecured and non-responsive. We consider this assignment of error in our discussion below.

DISCUSSION

An injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 3601; *Drumm v. City of Kenner*, 19-342 (La. App. 5 Cir. 3/4/20), 292 So.3d 163, 166, *writ denied*, 20-441 (La. 6/22/20), 297 So.3d 722. The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence. *Zeringue v. St. James Par. Sch. Bd.*, 13-444 (La. App. 5 Cir. 11/19/13), 130 So.3d 356, 358 (citing *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 03-2220 (La. 4/14/04), 875 So.2d 22, 29). The standard of review for the issuance of a permanent injunction is the manifest error standard. *Boh Bros. Constr. Co., L.L.C. v. Par. of Jefferson*, 20-472

_____

[1] It is unclear from the writ application whether Virginia Wrecking was given an opportunity to be heard at an informal hearing at which they were afforded an opportunity to refute the proposed disqualification, as required under La. R.S. 38:2212(X).

(La. App. 5 Cir. 6/2/21), 325 So.3d 500, 504, *writ denied*, 21-00951 (La. 10/19/21), 326 So.3d 259 and 21-950 (La. 10/19/21), 326 So.3d 261.

We begin our analysis with an overview of the applicable law. Louisiana's Public Bid Law, La. R.S. 38:2211 *et seq.*, prescribes the conditions upon which public work may be done on behalf of the state or its political subdivisions. *H & O Investments, LLC v. Par. of Jefferson Through Sheng*, 21-188 (La. App. 5 Cir. 11/24/21), 347 So.3d 1074, 1080. A political entity has no authority to take any action which is inconsistent with the Public Bid Law. *Id.* La. R.S. 38:2212 requires that certain public contracts be let to the lowest responsible and responsive bidder who bid according to the bidding documents as advertised. *Id.* When a public entity places certain requirements in advertisements for bids and on its bid forms, it is bound by those requirements and may not choose to waive them at a later date. *Hamp's Const., L.L.C. v. City of New Orleans*, 05-489 (La. 2/22/06), 924 So.2d 104, 110. Bid form requirements must be completely and accurately observed; a bidder's failure to comply with every detail can invalidate the bid. *H & O Investments*, *supra*.

La. R.S. 38:2212(A)(6)(a) prescribes three delivery methods for the bidding documents: the bid shall be hand delivered by the bidder or his agent, or the bid shall be sent by registered or certified mail, or the bid shall be submitted electronically as provided by Subsection E. La. R.S. 38:2212(E) states in pertinent part:

> E. (1) Public entities shall provide, as an additional bidding option, a uniform and secure electronic interactive system for the submittal of bids for public works requiring competitive bidding. Any public entity providing such system shall follow the standards for the receipt of electronic bids adopted by the office of the governor, division of administration, and the office of technology services as provided for in LAC 4:XV.701.[2] Any special condition or requirement for the submission shall be specified in the advertisement for bids required by this Section.

---

[2] LAC 4:XV.701 states that the electronic bid is to be an alternative, rather than the exclusive, method to a paper bid, and that the advertisements for electronic bids must specify any special condition or requirement for the submission.

La. R.S. 38:2218 states in part:

> A. The public entity advertising for bids for work shall require the bidders to attach a certified check, cashier's check, or bid bond for not more than five percent of the contract price of work to be done as an evidence of good faith of the bidder.[3]

In addition to these provisions of the Public Bid Law, we also examine the Advertisement for Bids and Instructions to Bidders issued by JPSB for the Project. Those documents state in part:

> Bidders have the option to submit bids electronically in accordance with Louisiana Revised Statute 38:2212 E(1). Please find related bid materials and place electronic bids at www.centralbidding.com.
>
> …
>
> 2.1 BID SECURITY
>
> 2.1.1 Each Bidder shall deposit with his Form of Proposal (bid) Bid Security in the sum to equal 5% of price bid as evidence of good faith of the bidder. Bid security shall be in the form of:
>
> > A. Certified Check, or
> >
> > B. Cashier's Check, or
> >
> > C. Bid Bond
>
> …
>
> THE FOLLOWNG ITEMS ARE TO BE INCLUED WITH THE SUBMISSION OF THIS LOUISIANA UNIFIRM PUBLIC WORK BID FORM:
>
> …
>
> BID SECURITY in the form of a bid bond, certified check or cashier's check as prescribed by LA R.S. 38:2218(A) attached to and made a part of this bid.

---

[3] *See also* La. R.S. 38:2212(B)(2) stating that the bidding documents shall require a bid security or bid bond to be submitted by a bidder at the time designated in the advertisement for bid opening.

The bidding documents contain no other provisions relating to the submission of bids electronically or cashier's checks.

Turning now to relator's arguments, we begin with the observation that no manner of electronic delivery or submission of cashier's checks or certified checks has been specifically prescribed in the Public Bid Law or in the bidding documents provided by JPSB. In the absence of such a provision, parties dispute how the requirements set forth in the law and instructions are to be met.

Concrete Busters argues that requiring JPSB to accept an electronic copy of a cashier's check is contrary to the provisions of La. R.S. 38:2218 requiring the submission of a check with the bid, a legal requirement that JPSB has no discretion or authority to waive.

On the other hand, Virginia Wrecking argues that by disallowing its submission of the electronic copy of its cashier's check, JPSB is in violation of the provisions of La. R.S. 38:2212(E) mandating electronic delivery as a means of bid submission, or, alternatively, that JPSB has placed additional requirements to the submission of electronic bids that were not included in the original bidding instructions.

When the language of the law is susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13. Where two statutes deal with the same subject matter, they should be harmonized if possible, as it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws. *Black v. St. Tammany Par. Hosp.*, 08-2670 (La. 11/6/09), 25 So.3d 711, 717.

We disagree with the interpretation of La. R.S. 38:2218 and La. R.S. 38:2212(E) proposed by Concrete Busters. Under their interpretation, if a bidder chooses, at its option, to submit a bid electronically, then its only option is to submit an electronic bid bond. Alternatively, if a bidder chooses, at its option, to submit a cashier's check, then it cannot submit an electronic bid and must submit the physical bid with a cashier's check. This interpretation creates a requirement for electronic bid submissions (that they may only be submitted with a bid bond) that is not stated in the text of La. R.S. 38:2212(E). On the contrary, that statute states, "[a]ny special condition or requirement for the submission shall be specified in the advertisement for bids required by this Section."

5

It has long been understood that if special conditions or requirements for submission are not included in the bidding documents, they may not be added post-bid. As the Louisiana Supreme Court has stated:

> Specifications cannot lawfully be altered after the bids have been made without a new advertisement giving all bidders an opportunity to bid under the new conditions. Public officers cannot enter into a contract with the lowest bidder containing substantial provisions beneficial to him, not included or contemplated in the terms and specifications upon which bids are invited… To permit a material departure in the contract from the terms and specifications upon which the bidding is had would open wide the door to favoritism and defeat the purpose of the law in requiring contracts to be let upon bids made upon advertised specifications.

*W. R. Aldrich & Co. v. Gravity Drainage Dist. No. 1 of Rapides Par.*, 238 La. 190, 197; 114 So.2d 860, 863 (La. 1959) (citing *Donaldson v. Police Jury of Tangipahoa Par.*, 161 La. 471, 486; 109 So. 34 (La. 1926)).[4]

Furthermore, we note that, under the particular facts of this case, JPSB had, prior to its award of the contract on March 6, the ability to enforce the bid bond. A bid bond is a limited form of performance bond given at the bidding stage of a project. It guarantees a project owner that if the principal contractor is the successful bidder on the project, the contractor will enter into the contract with the owner obligee.[5] This is made clear in the bidding documents for the project, which state, "[s]hould Bidder to whom work is awarded fail to enter into a Contract within the allotted time, the amount of Bid Security deposited by him will ipso facto be forfeited to Jefferson Parish School Board, not as penalty but as acknowledged Liquidated Damages." Upon the award of the contract, bid bonds are returned to all unsuccessful bidders, and the bid bond of the successful bidder is returned to him upon the signing of the project contract.

The check included by Virginia Wrecking with its bid submission is a cashier's check, #809959, in the amount of $35,000.00 and made payable to the Jefferson Parish School Board Facilities Department. The check was submitted

---

[4] *See Toye Bros. Yellow Cab Co. v. City of New Orleans*, 264 So.2d 768, 772 (La. Ct. App. 4 Cir. 1972), ("[t]here must be no post-bid changes in specifications."); *see also* La. R.S. 38:2212(O) (limitations on public entity's authority to issue addenda modifying bidding documents).

[5] *See* § 10:4. Surety bonds—Bid bonds, The Law of Suretyship and Guaranty § 10:4.

both electronically as part of Virginia Wrecking's bid and physically delivered to JPSB. A cashier's check is a check drawn by a bank upon itself. Such checks are considered accepted by the bank upon issuance, and are thus not subject to stop payment. That is why cashier's checks are considered a sufficient firm commitment to be an acceptable bid guarantee.[6]

Under these facts, we find that acceptance of Virginia Wrecking's bid does not constitute an impermissible waiver of the mandatory requirements of the Public Bid Law or the specifications stated in the bidding documents. We reject Concrete Buster's proposed interpretation of La. R.S. 38:2212(E) as contrary to the language of the statute that requires special conditions or requirements for the submission of electronic bids to be stated in the advertisement. Accordingly, we find no manifest error in the trial court's judgment. Relator's writ is denied.

**WRIT DENIED**

---

[6] Indeed, cashier's checks are a form of bid security that offers some advantages over bid bonds because the government has immediate access to the funds without any of the defenses sureties may raise. In contrast, uncertified checks that could be rejected by a bank because of insufficient funds or subject to stop payment by the bidder are not firm commitments that the bidder will, if successful, perform the contract.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 1, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-C-183

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JOHN E. LEBLANC (DISTRICT JUDGE)
F. EVANS SCHMIDT (RESPONDENT)          ASHLEY B. ROBINSON (RELATOR)          OLDEN C. TOUPS, JR. (RESPONDENT)

### MAILED

ADRIAN A. D'ARCY (RELATOR)
ANDREW G. VICKNAIR (RELATOR)
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2705
NEW ORLEANS, LA 70130