ELLIS, Judge.
These two consolidated suits seek to restrain the Tangipahoa Parish Police Jury from closing certain bridges, and to compel the Police Jury to repair the bridges. From a judgment enjoining the closure of the bridges and ordering their repair, the Police Jury and The Police Jury Association of Louisiana, Inc., which intervened, have appealed.
Under a federal program, funds were made available to the State of Louisiana for the inspection of bridges. Inspections of bridges in Tangipahoa Parish were made by Burke and Associates, an engineering firm, and recommendations based on these inspections were made to the Parish. Acting on those recommendations, the Police Jury ordered closed a number of bridges in Tan-gipahoa Parish.
These two suits were brought by certain citizens of Tangipahoa Parish whose access to their homes and businesses was affected by the closing of three of the bridges. They sought injunctive relief to prevent the closings and, by mandamus, to compel the Police Jury to repair the three bridges involved in the suits, which are situated on Wardline Road, South Coburn Road and Damiano Road.
At the hearing this court was advised by counsel that the Police Jury has acquiesced in the injunction granted, and that it has, in fact, repaired two of the three bridges involved. The only issue remaining is whether or not we have the authority to compel the Police Jury, by mandamus, to repair the third bridge.
Although the Police Jury has a ministerial duty to maintain the roads and bridges under its jurisdiction in good repair, the *300 manner in which the work is done, and the priority given to the repair of individual roads and bridges are matters which rest within the legislative discretion of the Police Jury.
In State v. Louisiana State Board of Barber Examiners, 208 So.2d 369 (La.App. 1st Cir. 1968), writ refused 252 La. 169, 210 So.2d 53 (1968), we held that mandamus will not lie to compel the performance of a discretionary duty, even when there has been an abuse of that discretion. See also Bussie v. Long, 257 La. 623, 243 So.2d 776 (1971); Karno v. Louisiana Tax Commission, 233 So.2d 592 (La.App. 4th Cir. 1970); Ware v. Cannon, 248 So.2d 19 (La.App. 1st Cir. 1971); Lyons v. Bossier Parish Police Jury, 262 So.2d 838 (La.App. 2nd Cir. 1972); but see Melancon v. Police Jury of Lafayette, 301 So.2d 715 (La.App. 3rd Cir. 1974).
Since we have found that the duty to repair any particular bridge is discretionary in nature, we are of the opinion that the trial judge was without authority to order the Police Jury to repair it.
The judgment appealed from is therefore reversed in that respect, and the writ of mandamus is recalled, at plaintiff’s cost.
REVERSED AND RENDERED.