529 So.2d 442 (1988)
BARBER BROTHERS CONTRACTING CO., INC.
v.
The DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, State of Louisiana; Robert G. Graves and H & S Construction Co., Inc.
No. CA 88 0218.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
On Rehearing August 24, 1988.
*443 W.P. Wray, Jr., Baton Rouge, for plaintiff-appellant Barber Bros. Contracting Co., Inc.
Ray Allen, Emile Joseph, Lafayette, for defendant-appellee H & S Const. Co., Inc.
Ronald J. Bertrand, Rayne, for defendant-appellee State, DOTD and Robert Graves.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Barber Brothers Contracting Co., Inc. (plaintiff) filed this suit against the Department of Transportation and Development, State of Louisiana (DOTD), Robert G. Graves, Secretary of DOTD at the time, and H & S Construction Co., Inc. (H & S). Plaintiff seeks:
(1) a declaratory judgment that a state construction contract awarded to H & S is null and void;
(2) a declaratory judgment that it is the lowest responsible bidder;
(3) an injunction to prevent implementation of the contract; and
(4) a writ of mandamus ordering DOTD and Graves to accept plaintiff's bid and award the contract to it.
DOTD invited interested parties to bid on a public works project in Lafayette Parish. H & S, plaintiff, and two other construction companies submitted bids on DOTD forms which required the bidders to list the prices for 69 items in written words pursuant to Section 102.07[1] of the 1982 edition of the Louisiana Standard Specifications for Roads and Bridges (the Gold Book). Under state law, DOTD was required to let the contract to "the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised...." LSA-R.S. 38:2212(A)(1)(a). DOTD was required to reject any proposal which contained "unauthorized additions, conditional or alternate bids or irregularities which make the proposal incomplete, indefinite or ambiguous as to its meaning" by Section 102.08(2)[2] of the Gold Book.
*444 When the bids were opened, H & S's bid initially was classified as irregular because of the following items:

Plaintiff's bid of $999,619.08 was the lowest of the remaining three bids. DOTD, however, did not award the contract to plaintiff.
Graves testified that three or four days after the bids were opened, he received a telephone call from one of H & S's attorneys, who stated that he wanted to make sure H & S's bid was not considered irregular and rejected. The attorney was referred to Normal Sisson, general counsel for DOTD. Graves testified that after speaking with H & S's attorney, Sisson advised Graves that he had "the administrative discretion to protect the department in its best interest and in the manner in which [he] interpreted these two items." Sisson further advised Graves to secure an affidavit from H & S stating that the cost for item 701(22)(G) (the side drain pipe) was $13.75 per linear foot and the cost for item 727(01) (mobilization) was $15,000.00. The affidavit was secured, H & S's bid was determined to be $931,836.67, and the contract was awarded to H & S.
Plaintiff then brought this suit, contending H & S's bid should have been rejected because it was ambiguous and thus irregular under § 102.08(2) of the Gold Book. The trial court found that Graves' conduct in "literally interpreting the line items in question" was not "arbitrary, unreasonable and flagrant in violation of the public bid law" and was "correctly and legally done as a clarification." Plaintiff appeals the dismissal of its suit.
It was admitted at trial by both Graves and Sisson that the words "THIRTEEN SEVENTY FIVE DOLLARS, NO CENTS" and "FIFTEEN DOLLARS, THOUSAND CENTS" have more than one meaning. Graves stated that one not trained in contruction contracts might "literally" read the first figure as $1,375.00 and the second as $25.00. H & S's bid was the lowest of the four submitted, using those "literal" figures. The trial court apparently felt that the "clarification" of the pipe price from $1,375.00 per foot to $13.75 per foot was done simply to give the state "the best work for the best price." However, Graves testified that H & S's bid would have been rejected as unbalanced had it not agreed to the "clarification."
While securing the best work for the best price for the state is an admirable goal, that goal cannot be achieved by ignoring the public bid laws. A public agency is vested with the discretion to determine the lowest responsible bidder, LSA-R.S. 38:2212, but that discretion must be exercised in a fair and legal manner and not arbitrarily. Budd Construction Co. v. City of Alexandria, 401 So.2d 1070, 1077 (La.App.3d Cir.), writ denied, 404 So.2d 1262 (La.1981).
H & S's bid clearly was ambiguous. An agency's discretion to determine *445 the lowest responsible bidder does not extend to post-bid negotiations to correct defects in the original bid which should have resulted in the rejection of that bid. The trial court was clearly wrong in holding that the contract was properly awarded to H & S, and we thus reverse that portion of the judgment and render judgment declaring that the contract between DOTD and H & S is null and void.
Plaintiff also seeks declaratory judgment that it was the lowest responsible bidder and a writ of mandamus ordering DOTD and Graves to accept plaintiff's bid and award the contract to it. Prior to the 1982 and 1983 amendments to LSA-R.S. 38:2214, an awarding agency was considered to have "wide" discretion in determining the lowest responsible bidder, and mandamus would not lie to compel performance of this discretionary act. Sledge v. Tangipahoa Parish Police Jury, 393 So.2d 299 (La.App. 1st Cir.1980). However, in Pittman Construction Co. v. Parish of East Baton Rouge, 493 So.2d 178, 191 (La.App. 1st Cir.), writ denied, 493 So.2d 1206 (La.1986), this court held that those amendments restrict the agency's discretion to reject any or all bids and now requires "just cause" for the rejection of any or all bids. LSA-R.S. 38:2214(A)(2). We thus held that if the public agency does not have just cause to reject the low bidder nor just cause to reject all bids, awarding the contract to the lowest responsible bidder becomes a ministerial duty subject to mandamus. Pittman, 493 So.2d at 191.
The parties have stipulated that Barber Brothers' bid amount was within the allowable limits under the EBM specifications; that it was submitted on DOTD forms in complete accordance with the instructions of the bidders and project specifications; together with the contract plans and specifications as advertised; that it was submitted on the date and time and at the place specified in a sealed envelope, all in accordance with law; and that there is no factual basis for DOTD to reject the bid of Barber Brothers or to reject all bids. Therefore, mandamus is a proper remedy. We thus reverse the decision of the trial court denying mandamus and render judgment declaring that Barber Brothers was the lowest responsible bidder.[3]
In summary, the judgment of the trial court is reversed in all respects. Judgment is hereby rendered declaring that the contract between H & S and DOTD is null and void and that Barber Brothers is the lowest responsible bidder. A writ of mandamus is hereby issued ordering and directing DOTD and Robert G. Graves, Jr., to accept the bid proposal of Barber Brothers as contractor and DOTD as owner in accordance with Barber Brothers' bid proposal and the contract, plans, and specifications as advertised. Costs in the total sum of $1,864.24 are assessed against defendants.
REVERSED AND RENDERED.

ON REHEARING
PER CURIAM.
Notwithstanding the assertions in the joint petition for rehearing, the complete record of this appeal, particularly the testimony of Robert Graves, indicates that the bid submitted by H & S was considered unbalanced and that in many such cases all bids are rejected and an investigation conducted.
However, in view of the recitals in the joint petition for rehearing and upon further reflection of the stipulations, etc., we grant a limited rehearing for the sole purpose of deleting pages five and six of our original opinion and replacing them. [Editors Note: Changes ordered have been incorporated into the opinion.]
NOTES
[1] Section 102.07 reads, in pertinent part:

PREPARATION OF PROPOSAL. Proposals shall be submitted on forms provided by the Department. A unit bid price shall be specified in words, either typed or in ink, in the spaces provided for each pay item or alternate pay item for which a quantity is given....
[2] Section 102.08 reads, in pertinent part:

IRREGULAR PROPOSALS. Proposals will be considered irregular and will be rejected for any of the following reasons:
....
(2) If there are unauthorized additions, conditional or alternate bids or irregularities which make the proposal incomplete, indefinite or ambiguous as to its meaning.
....
[3] Our holding that mandamus is a proper remedy makes it unnecessary to consider plaintiff's request for injunctive relief. Since the parties have stipulated that no work was done on this contract, mandamus should completely protect plaintiff.