GUIDRY, Judge.
Plaintiffs appeal a judgment of the trial court rejecting their demand for a preliminary injunction enjoining defendant, the Calcasieu Parish Police Jury, from discontinuing ferry service across the Intracoas-tal Waterway at the Gum Cove Road crossing in Calcasieu Parish.
Plaintiffs, R.E. Odom, the Estate of J.G. Gray, the Estate of B.M. Odom, Palvest, Inc., the Succession of Theo A. Lyons, the Benckenstein Estate, Exploration Company of Louisiana, Inc., the Bel Estate and Ellis Benckenstein, all owners of real property in Calcasieu and Cameron Parishes south of the Intracoastal Waterway, brought this action against the Police Jury of Calcasieu Parish seeking to enjoin the Police Jury from discontinuing ferry service at the Gum Cove Road crossing in Calcasieu Parish.
After a hearing on the application, the trial court granted defendant’s motion for directed verdict rejecting plaintiffs’ demands. In granting defendant’s motion for directed verdict, the learned trial judge stated, in oral reasons for judgment:
“THE COURT: All right. Thank you. Discretion is, of course, the key to the entire problem. We begin by reference to the Louisiana Constitution of 1974. Article 2, Section 1 says the powers of government of the state are divided into three separate branches, legislative, executive and judicial; and Section 2, except as otherwise provided by this Constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others. There has been a lot of jurisprudence, particularly in line with what you’re speaking of, Mr. Findley, having to do with the abandonment of roads which is provided for by statute and a particular procedure provided therefor. In the Sledge[1] case there has been some discussion of, three bridges had been taken out of commission because they were no longer safe, and suit was brought to require Tangipahoa Parish to repair them. By the time it got to the Court of Appeal, the Police Jury had repaired two of them but had not the other. The Court of Appeal, First Circuit Court of Appeal in Baton Rouge, said although the Police Jury has a ministerial duty to maintain the roads and bridges under its jurisdiction in good repair, the manner in which the work is *562 done and the priority given to the repair of individual roads and bridges are matters which rest within the legislative discretion of the Police Jury. It then goes on to cite numerous cases in which, and I quote, we held that mandamus will not lie to compel the performance of a discretionary duty even when there has been an abuse of that discretion. That last phrase does not, of course, hold true in connection with the expropriation of property under the statute quoted. According to what is before the Court, the Police Jury has acted by Resolution after long and tedious struggle to find an alternative. They exercised a discretionary act. A ministerial act or ministerial duty is one regarding which nothing is left to discretion, a simple and definite duty imposed by law and arising under conditions admitted or proved to exist. Whereas discretion has been classified as power to act in an official capacity according to the dictates of their own judgment. I once tried a lawsuit during my vacation for three days over the locations of a drainage ditch in Sulphur, and at the end of that time I was forced to rule that the Court had not the power to tell the drainage board where to put their ditch. In this instance, after all of the research I’ve done and all of the briefs submitted by counsel, I am satisfied this Court has no power to override a discretionary act of the Police Jury committed in good faith....”
The ferry was closed at 6:00 p.m. that same day.
Plaintiffs appeal urging five assignments of error:
1. The trial court erred in holding that the Police Jury had “discretion” to disregard the requirements of R.S. 48:701 in closing the Gum Cove Ferry and Road.
2. The trial court erred in upholding the abandonment by the Police Jury of an established and well maintained public road which has been used, for more than seventy years and continued in daily use, by the public, for public purposes.
3. The trial court erred in apparently holding that plaintiffs sought relief by mandamus, rather than injunction.
4. The trial court erred in holding that the closing of the ferry was a discretionary act of the Police Jury committed in good faith which the court could not “override”.
5. The trial court erred in refusing to grant plaintiffs an injunction to prevent the taking of their constitutionally protected property rights unless and until expropriation proceedings were filed by the defendant, Police Jury; the values and damages of the property taken fixed and paid to plaintiffs.
After careful consideration of the issues presented, we affirm.
La.R.S. 48:701 reads in pertinent part:
“The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.”
Appellants argue that the quoted statute should apply by analogy to the discontinuance of the ferry service in question, since the discontinuance of the ferry service is a tacit revocation of the dedication of Gum Cove Road. We disagree.
In the first place, we find the provisions of La.R.S. 48:701 inapplicable. La.R.S. 48:701 applies exclusively to roads, streets and alleyways laid out and dedicated to public use. A ferry is not a road, street or alleyway within the meaning of La.R.S. 48:701.
Ferries are established by police juries pursuant to the authority granted by La.R.S. 33:1236(8), which reads in pertinent part as follows:
*563 “The police juries and other parish governing authorities shall have the following powers:
[[Image here]]
(8) The police juries shall have the exclusive privilege of establishing ferries and toll bridges within their respective limits, of fixing the rates of ferriage and toll to be charged thereon, and of generally regulating the policing of the same....”
The enabling statute does not make it a mandatory duty of police juries to establish ferries. Rather, the statute in precise terms grants to police juries the “exclusive privilege” to establish ferries within their respective jurisdictions. The term “privilege”, in the context of the quoted statute, is defined in Webster’s, New Twentieth Century Dictionary of the English Language, Unabridged, Second Edition, as “a right, immunity, benefit, or advantage granted to some person, group of persons, or class not enjoyed by others and sometimes detrimental to them”. The term “privilege” is similary defined in Black’s Law Dictionary, Fourth Edition. As stated in Young v. Koehl, 417 So.2d 24 (La.App. 1st Cir.1982), “[tjhere is no such thing as a mandatory privilege”.
In our view, since the statute imposes no mandatory duty on police juries to establish and maintain ferries within their respective jurisdictions but only grants them the “exclusive privilege” to do so, it must necessarily follow that police juries have the discretionary authority to discontinue the exercise of this privilege. As stated in 36A C.J.S. § 27, at page 352:
“In the absence of mandatory requirement of statute, there is no duty imposed on the proprietor of a ferry to operate the ferry whether or not it is profitable, and a public corporation may discontinue operation of a ferry where, in the sound discretion of its officials, such discontinuance is advisable.’’ (Emphasis ours)
The record shows that the decision to discontinue the Gum Cove Ferry was not an arbitrary, spur of the moment decision. Testimony elicited at trial established that the closure of the ferry had been discussed at a number of Police Jury meetings prior to the meeting where the resolution to discontinue service was adopted. A committee made up of police jurors and the plaintiffs in this suit had been appointed and had met, on several occasions, in an effort to find some means to keep the ferry in operation after the oil companies, who had borne the major cost of operating the ferry for some ten years, withdrew their financial support. Unfortunately no alternative means of funding continued ferry service could be found or agreed upon.
Appellants next argue that the trial court erred in upholding the abandonment of Gum Cove road. Gum Cove Road was not and is not abandoned. According to the record, the Police Jury intends to continue its maintenance of Gum Cove Road, both north of and south of the Intracoastal Waterway. The plaintiffs do not contest this, but rather, argue that the discontinuance of. ferry service amounts to an unpronounced abandonment of Gum Cove Road. While termination of ferry service does make use of that portion of Gum Cove Road south of the Intracoastal Waterway inconvenient, it neither prevents its use nor evidences any intent on the part of the Police Jury to abandon this stretch of roadway.
Plaintiffs next argue that the trial court erred in “apparently holding that plaintiffs sought relief by mandamus, rather than injunction”, and, in brief, appellants aver that injunction is the appropriate remedy to enjoin the closing of a public road. We agree that injunction is the appropriate remedy to pursue when one challenges as unreasonable and arbitrary the abandonment of a public roadway. However, in this case, no public roadway was abandoned.
Finally, plaintiffs urge that the trial court erred in refusing to grant an injunction to prevent the taking of their constitutionally protected property rights unless and until expropriation proceedings were filed by the defendant. The simple answer to this contention is that no property or *564 property rights were taken by the Police Jury’s action.
For the reasons stated, the judgment appealed from is affirmed. All costs of this appeal are assessed against appellants.
AFFIRMED.

. Sledge v. Tangipahoa Parish Police Jury, 393 So.2d 299 (La.App. 1st Cir.1980).