Dear Mr. Lynch:
You have requested the opinion of this office on procedures used by the Terrebonne Parish Tidewater Management and Conservation District (the District) in doing construction required in carrying out its responsibilities to construct and maintain levees and other structures for flood protection. As an illustration of the District's practices, you point to the construction of the base of a new levee which was part of the Bayou Dularge levee system.
Both your office and the attorney for the District have provided to this office extensive information on the contractual arrangement utilized by the District for this work. We will attempt to summarize the relevant information here:
In 1991 the District awarded a contract ". . . for furnishing construction equipment of the type, size and capacity specified together with all necessary personnel, supplies, equipment, transportation and materials necessary for operations within . . ." the District. In the "Scope of the Work" provisions of the Specifications, the following language is used: "The work to be performed under this contract consists of furnishing the specified equipment and all materials, supplies, labor and transportation, including fuel, power, water and operating the specified equipment where and as directed . . .". In the six years since this contract was awarded it has been used repeatedly for construction as well as maintenance of the District's facilities, and, was used to construct the base for the Bayou Dularge levee. The District has not seen fit to seek new bids since the 1991 contract award.
While this system of contracting may provide great flexibility and, perhaps even efficiency in accomplishing the work which the District may undertake, it does conflict with certain provisions of the Public Bid Law, to-wit: La. R.S. 38:2211, et seq., which is applicable to the District in contracting for public works and for the purchase of materials and supplies.
La. R.S. 38:2212 contains several relevant references to the specifications required for public works contracts: "All public work . . . to be paid out of public funds, to be done by a public entity, shall be advertised and let by contract to the lowest responsible bidder who has bid according to the contract, plans and specifications as advertised . . .". "Each public entity advertising and letting for bid a public works contract . . . shall furnish all prime bidders . . . with at least one set of complete bid documents." "Plans and specifications shall be available to bidders on the day of the first advertisement . . .". These provisions, taken together, indicate to the writer that while there is no explicit requirement that public works be done on a project by project basis, public works can only be contracted once plans and specifications have been completed and made available to potential bidders. In view of these multiple provisions, we cannot conclude that such plans and specifications could be as broad and indefinite as "furnishing construction equipment of the type, size and capacity specified together with all necessary personnel, supplies, equipment, transportation and materials necessary for operations within . . ." the District. Instead, the clear inference is that full and complete plans and specifications for the exact work contemplated shall be available before bids are sought.
In the landmark Louisiana procurement law case of W.R. Aldrich Co. v. Gravity Drainage District No. 1, 114 So.2d 860, the Louisiana Supreme Court, quoting approvingly from the earlier case of Donaldson v. Police Jury of Tangipahoa Parish,109 So. 34, stated:
 Specifications cannot lawfully be altered after the bids have been made without a new advertisement giving all bidders an opportunity to bid under the new conditions. Public officers cannot enter into a contract with the lowest bidder containing substantial provisions beneficial to him, not included in or contemplated in the terms and specifications upon which bids are invited. The contract must be the contract offered to the lowest responsible bidder by advertisement.
The District's use of the subject contract for construction without advertising that construction project for sealed bids and without providing to potential bidders with complete plans and specifications for that particular construction project is in direct conflict with the mandatory requirements of the Public Bid Law.
In Barber Brothers Contracting Co., Inc. v. Department ofTransportation and Development, 529 So.2d 442 (La.App. 1 Cir. 1988), the court said, "While securing the best work for the best price for the state is an admirable goal, that goal cannot be achieved by ignoring the public bid laws."
We would also question the propriety of relying on the same contract for six years without rebidding, although there is no explicit prohibition of this practice in the Public Bid Law. One of the purposes of public procurement laws is to assure that the private sector business community has an open and fair opportunity to do business with the public entity. To enter into a contract with no specified term and to keep that contract in place for more than six years conflicts with this public purpose.
It is noted that the existing contract calls for the contractor to provide materials and supplies as well as equipment and services. While the rental of equipment and the provision of services taken alone are not required to be bid under the Public Bid Law, materials and supplies and public works which include the use of equipment and labor are required to be bid. La. R.S.38:2212A(1)(a). Therefore, contracts should be formulated in a manner which separates materials and supplies in a fashion where they can be identified, specified, quantified and bid according to that information as required by law. While contracts solely for the rental or lease of equipment and for the operation of such equipment are not required to be bid when there is no opportunity to obtain title to the equipment, they may be bid if the District chooses to do so.
Therefore, it is our opinion that the referenced contract may not be utilized for construction of projects which exceed the public bid threshold of $100,000. While the existing contract may be used for services and equipment required for maintenance, a new contract should be put in place for a specified, limited term.
I trust this answers your inquiry. Please let us know if we may be of further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla