JOSEPH RUGO, INC., ET AL. *v.* NAPOLEON B. HENSON ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued May 5—decided May 29, 1961

*Cornelius D. Shea,* with whom, on the brief, were *Leon RisCassi* and *Carmine R. Lavieri,* for the appellants (plaintiffs).

*Joseph J. Burns,* for the appellees (defendants).

BORDON, J.  In this action the plaintiffs sought an injunction restraining the defendants from awarding a contract for the erection of a new high school on the basis of another invitation to bid. They also sought an order requiring the defendants to renegotiate any desired economies pertaining to the erection of the school, and an injunction ordering the defendants to cancel the rejection of bids and to award the contract to the plaintiff Joseph Rugo, Inc.  The defendants are the purchasing agent of the city of Hartford, the members of its contract board of awards, the members of the board of education, and the city architect.  The plaintiffs

are Joseph Rugo, Inc., a Massachusetts corporation which claims to have been the low bidder on the high school project, for which bids were solicited by public invitation; and Louis and Muriel Goldman, who claim to be aggrieved as taxpayers of Hartford and parents of two minor children attending the public schools.

According to the complaint, the allegations of which are admitted by the demurrer *(Turrill* v. *Erskine,* 134 Conn. 16, 19, 54 A.2d 494; *Hardy* v. *Scott,* 127 Conn. 722, 723, 19 A.2d 420; *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 345, 200 A. 343), the defendants, who were duly authorized to do so, advertised in local newspapers and in trade journals an invitation to bid by sealed proposals for the construction of a high school to be known as "The Hartford Public High School." The court of common council of the city of Hartford had authorized the issuance of serial bonds in the amount of $5,550,000, which sum, together with the sum of $3,300,000, to be realized from the sale of the present high school, was estimated to be sufficient to pay the costs of the construction and equipment of the new building and the acquisition, development and clearance of land, as well as anything appurtenant thereto, including parking facilities. The invitation to bid contained the following reservation: "The right is reserved to reject any and all bids not deemed to the best interest of the City."

Joseph Rugo, Inc., was the low bidder, its bid being $6,940,000. There were ten other bids, all higher than that of Rugo. The plaintiffs claim that the amount to be realized from the bond issue plus the proceeds from the sale of the present high school building would have yielded a sum in excess

of the estimated cost of the new building, equipment, site and appurtenances. After the bids had been opened and tabulated, they were all rejected because of insufficient funds, and Rugo was notified to that effect. The notice further informed Rugo that new bids, based on changes in specifications, would be called for on or about September 11, 1960. The complaint alleged that the rejection of the low bid was arbitrary, unreasonable, capricious, illegal, an abuse of discretion, contrary to public policy and against the best interests of the city and its taxpayers.

The defendants demurred on two grounds: first, that it is not alleged that the rejection of all bids will cause special damage to the plaintiffs; and second, that it is not alleged that Rugo is a taxpayer of the city of Hartford. The court sustained the demurrer on two grounds: first, that the city had a right to reject all bids and no cause of action could be predicated on the invitation to bid; and second, that the right of the plaintiffs, as taxpayers, to maintain such an action would arise only if the improper awarding of a contract would result in an increase in taxes. Upon the plaintiffs' failure to plead further, judgment was rendered for the defendants, and from it the plaintiffs have appealed.

Although there are three assignments of error, the only question to be determined is whether there was error in sustaining the demurrer. On the face of the record, it appears that the court sustained the demurrer on grounds other than those claimed by the defendants. If, however, a proper conclusion was reached, the ruling may be upheld. *English* v. *Smith,* 123 Conn. 572, 580, 196 A. 781; *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 119, 139 A. 702; *Hoxie* v. *New York, N.H. & H.R. Co.,* 82

Conn. 352, 367, 73 A. 754; *British American Ins. Co.* v. *Wilson,* 77 Conn. 559, 564, 60 A. 293; *Thresher* v. *Stonington Savings Bank,* 68 Conn. 201, 205, 36 A. 38. In passing on a demurrer, the court should consider only the grounds specified. *Turrill* v. *Erskine,* 134 Conn. 16, 19, 54 A.2d 594, supra, and cases cited. Upon appeal, we consider the whole record and give judgment for the party who, on the whole, appears to be entitled to it. *Palmer* v. *Des Reis,* 136 Conn. 627, 631, 73 A.2d 327; *White* v. *Avery,* 81 Conn. 325, 328, 70 A. 1065; Maltbie, Conn. App. Proc. § 65.

There is no allegation in the complaint which overcomes the recognized principle of law that where municipalities reserve the right to reject any or all bids they are empowered to do so. *Straw* v. *Williamsport,* 286 Pa. 41, 43, 132 A. 804; Rhyne, Municipal Law § 10-11. It is true that certain paragraphs of the complaint allege arbitrariness, capriciousness, and similar conduct, but such conduct, if there was any, by the empowered officers is immaterial, since the right to reject all bids was asserted in the invitation to bid. *Potts* v. *Philadelphia,* 195 Pa. 619, 632, 46 A. 195. Courts have relaxed the application of the established principle of law only where fraud or corruption has influenced the conduct of the officials. No allegation of fraud or corruption appears in this complaint.

All that is required of officials is that they observe good faith and accord all bidders just consideration, thus avoiding favoritism and corruption. An honest exercise of discretion will generally not be disturbed. Courts will only intervene to prevent the rejection of a bid when the obvious purpose of the rejection is to defeat the object and integrity of competitive bidding. 10 McQuillin, Municipal Cor-

porations (3d Ed.) § 29.77; *Gast* v. *Langston*, 15 S.W.2d 353 (Mo. App.); *Sand Springs* v. *Hohl*, 90 Okla. 124, 128, 216 P. 138. No justiciable right is created by an invitation to bid if the authority reserves the right to reject bids. *Austin* v. *Housing Authority*, 143 Conn. 338, 349, 122 A.2d 399.

Consideration of the other assignments of error is unnecessary.

There is no error.

In this opinion the other judges concurred.