FRED BRUNOLI AND SONS, INC. *v.*
TOWN OF WOODBURY ET AL.
(3307)

HULL, BORDEN and DALY, Js.

Argued April 10—decision released May 28, 1985

*Paul E. Potanka,* for the appellant (plaintiff).

*John D. Yarbrough, Jr.,* with whom, on the brief, was *John C. Bullock,* for the appellee (named defendant).

PER CURIAM. This is a municipal bid case in which the plaintiff, an unsuccessful bidder, seeks damages from the defendant town for wrongfully awarding the contract to the defendant M.A. Pomponio & Sons, Inc. (Pomponio). The trial court rendered summary judgment for the town.[1] The plaintiff appealed. We find error in the form of the judgment only, because we conclude that the plaintiff has no standing and that, therefore, its complaint against the town should be dismissed.[2]

The town reserved the right to reject any or all bids, and to accept the bid which, in its judgment, was in its best interests. The plaintiff's bid of $941,000 was the second lowest. Pomponio's bid of $844,996 was the lowest. The day after the opening of the bids, Pomponio discovered that it had made a unilateral mistake by inadvertently omitting the cost of one item of $66,000 and notified the town. The selectmen of the town concluded that the claim of mistake was corroborated, and entered into negotiations with Pomponio.[3] After consulting with its attorneys, the town awarded the contract to Pomponio for $900,000.

---

[1] Insofar as the record reveals, the action against Pomponio is still pending.

[2] Since the judgment from which the plaintiff appealed was only for the town, and since the part of the plaintiff's complaint directed at Pomponio was not considered as part of this appeal, we express no opinion on its continued viability.

[3] This was a legitimate response to the lowest bidder's unilateral good faith mistake. See *Regional School District No. 4* v. *United Pacific Ins. Co.,* 4 Conn. App. 175, 493 A.2d 895 (1985) (public contract bidder who discovers and gives prompt notice of mistake in bid may not be held to bid if it would be inequitable to do so).

It is clear that the plaintiff has fallen far short of establishing "fraud, corruption or acts undermining the objective and integrity of the [competitive] bidding process . . . ." *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 504–505, 467 A.2d 674 (1983). Thus, it had no standing to challenge the award of the contract, and its complaint against the town must be dismissed. Id., 506.

There is error in the form of the judgment only, the judgment is set aside and the case is remanded with direction to dismiss the complaint against the defendant town of Woodbury.