[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COMPLAINT (109A)
In this action, by its amended complaint, an unsuccessful bidder seeks damages against the Housing Authority of the City of Hartford. The amended complaint is in two counts. The first count alleges the basic claim. The second count alleges a violation of Conn. Gen. Stat. 42-220g et sec. Defendant Housing Authority has moved to strike the entire complaint.
Defendant, by its motion, claims that plaintiff, as unsuccessful low bidder, has no standing to seek money damages and that it is exempt from the provisions of CUTPA by statute.
A motion to strike is the means for contesting the sufficiency of a complaint. Conn. Practice Bk. 152; Mingachos v. CBS, INC., 196 Conn. 91, 108 (1985). It tests whether a court that already has subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137, 139 (1985). The motion to strike "admits all facts well pleaded;" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1986). The court takes as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo,202 Conn. at 208; and if provable factual allegations in the challenged pleading "would support a defense or cause of action the . . . [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
The resolution of the issues presented by this motion is made more difficult by the parties, principally defendant, including in its brief matters not alleged in the complaint.
The general law is that the process involved in the solicitation of bids has been established for the benefit of the public and does not create any rights in those who submit bids. Ardmore Construction Co. v. Freedman, 191 Conn. 497, 504 (1983). Plaintiff did not obtain a vested or property interest in the CT Page 4468 contract merely because it submitted the highest bid. St. John v. State, 9 Conn. App. 514, 523 (1987). The statutes which govern the bidding process only require officials to observe good faith and accord all bidders just consideration thus avoiding favoritism and competition. John J. Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695, 703
(1982). Courts only intervene to prevent the rejection of a bid when the obvious purpose of the rejection is to defeat the object and integrity of competitive bidding. Joseph Rugo, Inc. v. Henson, 148 Conn. 430, 434 (1961).
Plaintiff contends that it has alleged sufficient facts so as to bring its case within the exception mentioned in the Rugo case and Spiniella Construction Co. v. Manchester, 189 Conn. 539,544 (1983).
Reviewing the allegations of the complaint in the light most favorable to plaintiff leads to the conclusion that plaintiff has failed to do so. The facts alleged do not set forth a claim which that defendant's action would defeat the object and integrity of the competitive bidding or that lack of good faith, favoritism or corruption were involved. In this regard it is noted that paragraphs 18 and 19 are conclusions of the pleader and not allegations of fact. The motion to strike only admits facts well pleaded. Mingachos v. CBS, Inc., supra.
Since the motion to strike must be granted for the reasons above stated, it will not be necessary to consider the question as to whether or not an unsuccessful bidder would ever be entitled to money damages as opposed to equitable relief.
The second count of the complaint sets forth a claim under Conn. Gen. Stat. 42-110g. This section is a provision of Connecticut Unfair Trade Practices Act (CUTPA) which covers unfair methods and acts in the "conduct of any trade or commerce" see 42-110b. Section 42-110c provides that the act should not apply to "(b) transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States;". In Connelly v. Housing Authority, 213 Conn. 354,360 (1990) it was held that even if it was assumed arguendo, the defendant was engaged in "trade" or "commerce" as defined by the act, the defendant Housing Authority was exempt from the provisions of CUTPA under 42-110c. That ruling is applicable to this case.
Accordingly, the motion to strike is granted.
PURTILL, J. CT Page 4469