[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts of this case are essentially undisputed, having been presented by stipulation and testimony.
The City of Waterbury Board of Park Commissioners (hereinafter "Commissioners") on October 26, 1990 solicited bids for the lease of The Municipal Stadium Food Concession (Exhibit 1 Stip. paragraph 6). In connection with such solicitation, an invitation to Bid Package was prepared and provided interested parties (Exhibit #2, Stip. paragraph 9).
Plaintiffs and defendant Anthony Gimmelli were the only bidders. The plaintiffs' bid was for $1,506 monthly for the five year term of the lease. The defendant Gimmelli bid $1,500 monthly plus a cost of living adjustment (COLA). The Gimmelli bid also contained representations as to the concession stand and scoreboard. (Exhibits 3 and 4).
The bids were reported to the Commissioners at their meeting of December 3, 1990; but action was deferred until receipt of a Corporation Counsel opinion on the inclusion of the COLA in the evaluation of the highest bid.
The Corporation Counsel's office, in a letter to the Commissioner's staff, advised the Commissioners to consider only the monetary aspects of the Gimmelli bid's additional information. (Exhibit #B).
The Commissioners at their meeting of January 23, 1991 considered the COLA and determined that the Gimmelli bid was the highest and in the best interest of the City. The Commissioners CT Page 5554 voted to award the lease to defendant Anthony Gimmelli d/b/a Stadium Concessions.
The City Board of Aldermen must also approve the bid and authorize the Mayor to sign the lease.
The defendant Commissioners in the invitation to bid reserved the right to reject any and all bids and to waive any informalities in any bid.
The COLA was the dispositive factor in the Commission's decision to award the lease to the defendant Gimmelli.
The plaintiffs do not allege any fraud or corruption by any parties, but argue that the conduct of the Commissioners in including the COLA in calculating the economic value of the bids; defeated the very object and integrity of the bidding process.
The solicitation of bids and invitation to bid did not mention a COLA factor. The plaintiffs requested an opportunity to add a COLA to their bid prior to the Commissioners vote on the bids (Exhibit A-5).
The court does not accept the claim that the reservation of rights with respect to rejecting any or all bids and waiving informalities in bids provides the city unfettered discretion in the awarding of contracts after the bidding process. See Spinello Construction Co. v. Manchester, 189 Conn. 539, 544 (1983).
"An honest exercise of discretion by a municipality which has reserved such a right will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding. Courts will intervene to prevent the exercise of that discretion to deny a bid, therefore, only where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials. John J. Brennan Construction Corporation, Inc. v. Shelton, supra, 703; Joseph Rugo, Inc. v. Henson, 148 Conn. 430, 434, 171 A.2d 409
(1961); 10 McQuillin, supra." (Municipal Corporation (3d Ed. Rev.) Section 29-29.)
In the instant case the Commissioners honestly exercised their discretion in evaluating the bids and determining that the Gimmelli bid would yield a greater return to the City, and was in its best interests. They could not have allowed plaintiffs to amend their bid after the close of bidding.
Their resort to their counsel's assistance in reviewing a CT Page 5555 claim of irregularity evidences good faith and a desire to accord both bidders just consideration.
It was reasonable to include the COLA in calculating the rent. Surely a bid with a specific rent annual increase over the 5 year term would have been an appropriate bid. A COLA is only an alternate form of expressing the not uncommon concept of annual rental adjustments.
The plaintiffs have failed to establish that they are likely to ultimately prevail on the merits and that their application for injunctive relief is denied.
McWEENY, J.