## DELLA CONSTRUCTION, INC. *v.* LANE CONSTRUCTION COMPANY ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 381336
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed December 2, 1991

*Halloran & Sage,* for the plaintiff.

*Day, Berry & Howard* and *Richard D. Stapleton,* for the named defendant.

*George E. Finlayson,* assistant attorney general, and *Richard Blumenthal,* attorney general, for the defendant commissioner of transportation.

BARALL, J. The following issue has arisen out of a motion by the named defendant Lane Construction

Company (defendant) to strike the plaintiff's amended complaint. Does the doctrine providing that an unsuccessful bidder has no standing to challenge, by way of injunction or mandamus, the award of a public contract, except where the bidding official has been guilty of fraud or corruption, preclude an action for damages by the unsuccessful bidder against the successful bidder who has completed the contract, where the action claims fraudulent interference with advantageous business relations and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.?

On April 28, 1991, the plaintiff filed an amended complaint against the defendant. In the first count the plaintiff alleged that the defendant tortiously interfered with the plaintiff's expectancy of a contract bid for the rehabilitation of a runway at Bradley International Airport by submitting a fraudulent bid. The second count alleged that the fraudulent bid was in violation of CUTPA. The gravamen of the plaintiff's complaint is that but for the defendant's fraudulent misrepresentations, the plaintiff would have been awarded the contract.

The defendant has moved to strike the plaintiff's complaint claiming that the plaintiff has no recognizable legal or equitable interests in the public bid contract, which can be protected in a suit for tortious interference with business expectancy or a CUTPA claim.

Two Connecticut Supreme Court cases are juxtaposed by this motion to strike. In *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 501, 467 A.2d 674 (1983), it was held that an unsuccessful bidder has no standing to challenge the award of a public contract, reversing a mandamus order by the trial judge ordering the state's commissioner of administrative services to award a building repair contract to a company that had not been awarded the contract in the bidding pro-

cess. That court cited *Perkins* v. *Lukens Steel Co.,* 310 U.S. 113, 125, 130, 60 S. Ct. 869, 84 L. Ed. 1108 (1940), for the proposition that courts should not subject purchasing to delays incident to judicial scrutiny where the legislature has not done so.[1] The court stated further that an unsuccessful bidder has "no legal or equitable right in the contract"; *Ardmare Construction Co.* v. *Freedman,* supra, 502; except " 'where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials.' " Id., 501.

One year later in *Sportsman Boating Corporation* v. *Hensley,* 192 Conn. 747, 753–55, 474 A.2d 780 (1984), the Connecticut Supreme Court, citing with approval W. Prosser, Torts (4th Ed. 1971) § 129, *Skene* v. *Carayanis,* 103 Conn. 708, 131 A. 497 (1926), *Wyeman* v. *Deady,* 79 Conn. 414, 65 A. 129 (1906), and *Goldman* v. *Feinberg,* 130 Conn. 671, 37 A.2d 355 (1944), held that the tort of interference with advantageous business relations is not only available for interference with existing contracts, but also lies for interference with relations that are prospective or potential.

Are *Ardmare Construction Co.* v. *Freedman,* supra, and *Sportsman Boating Corporation* v. *Hensley,* supra, mutually inconsistent? No, they are not. *Ardmare* represents the view of those states that do not want to delay unduly government process, and has utilized the concept of standing in injunctive actions to enforce that

---

[1] It should be noted that the Second Circuit Court of Appeals has suggested that *Perkins* v. *Lukens Steel Co.,* 310 U.S. 113, 60 S. Ct. 869, 84 L. Ed. 1108 (1940), has limited precedential value in bidding cases because of developments in the law since 1940. *B.K. Instrument* v. *United States,* 715 F.2d 713 (2d Cir. 1983); see also *Associates of Data Processing Service Organizations, Inc.* v. *Camp,* 397 U.S. 150, 90 S. Ct. 827, 25 L. Ed. 2d 184 (1980). Neither case was cited to the Connecticut Supreme Court in briefs filed with that court in *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 467 A.2d 674 (1983).

policy decision in deference to comity between different branches of the government. Even Connecticut, in its deference to the executive bidding process, has recognized that there are limits to the no injunctive relief concept. Injunctive relief is acceptable and there is standing for such relief where the bidding process has been infected by impropriety of the bidding official. *Spinello Construction* v. *Manchester,* 189 Conn. 539, 456 A.2d 1199 (1983).

The recognition of the availability of the torts of interference with advantageous business relations and unfair trade practices in the context of the bidding process will not interfere with the bidding process or unduly delay government process but rather may strengthen that process by eliminating deception by bidders. That principle has been recognized in a number of federal cases. *Integrity Management International, Inc.* v. *Tombs & Sons, Inc.,* 836 F.2d 485 (10th Cir. 1987); *Tectonics, Inc. of Florida* v. *Castle Construction Co.,* 753 F.2d 957 (11th Cir. 1985); *Iconco* v. *Jensen Construction Co.,* 622 F.2d 1291 (8th Cir. 1980); *Lewis* v. *Bloede,* 202 F. 7 (4th Cir. 1912). The defendant recognized in oral argument that if the court accepted the position of the federal court it would overrule its motion to strike. The position of the federal court has been cited with approval in two Connecticut cases for some sixty-five years. *Skene* v. *Carayanis,* supra, 714; *Goldman* v. *Feinberg,* supra, 675.

Accordingly, the motion to strike is denied.