[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff ("D.P.L.") brought this action against the City of Ansonia, the Ansonia Board of Aldermen, James E. Sheehy as Corporation Counsel for the City, and the City's Mayor, Thomas Hallihan. The plaintiff alleges that the City issued public bid invitations for garbage and refuse collection and that the bid invitations specified the governing rules as to the bidding procedure and as to the form of the bid proposals. It is further alleged that, notwithstanding plaintiff's compliance with these requirements, the defendants awarded the contracts to a CT Page 5795 competitor, Browning-Ferris Industries of Connecticut, Inc. ("BFI"), which submitted proposals that neither conformed to the specifications nor complied with the applicable provisions of the City Charter. The plaintiff seeks injunctive relief and a writ of mandamus.
The defendant, City of Ansonia, moved to strike the complaint on the grounds that the plaintiff has no standing to bring this action because, as an unsuccessful bidder, D.P.L. has no legally recognized cause of action and, further, a writ of mandamus is improper where the City performed a discretionary duty in awarding a public work contract.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book 152. When ruling on a motion to strike, the court is restricted to the alleged facts, and the court must construe those facts in the light most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, 196 Conn. 91,109. "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Citation omitted). Ardmare Construction Co. v. Freedman, 191 Conn. 497, 501 (1983).
Connecticut recognizes the doctrine "that the unsuccessful bidder has no standing to challenge, by way of injunction or mandamus, the award of a public contract, except where the bidding official has been guilty of fraud or corruption. . . ." (Emphasis provided). Della Construction, Inc. v. Lane Construction Co., 42 Conn. Sup. 202, 203 (1992). Moreover, "[t]here is a growing trend for courts to permit one who has been aggrieved by a refusal to award a public contract pursuant to lowest responsible bidder provisions to also vindicate the public interest by challenging such arbitrary or capricious action by governmental officials." (Citations omitted). Spiniello Construction Co. v. Manchester, 189 Conn. 539, 545 (1983).
Laws concerning municipal competitive bidding "are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts . . . they should be construed to accomplish CT Page 5796 these purposes fairly and reasonably with sole reference to the public interest." John J. Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695, 702 (1982). Officials are required only to "observe good faith and accord all bidders just consideration, thus avoiding favoritism and corruption." Joseph Rugo, Inc. v. Henson, 148 Conn. 430, 434 (1961).
When a municipality has reserved a right to reject any and all bids, and honestly exercises its discretion, this discretion "will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding." Spiniello Construction Co. v. Manchester, supra, 544. Courts will, therefore, only intervene "to prevent the exercise of that discretion to deny a bid . . . where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the bidding process is defeated by the conduct of municipal officials." Id.
In the Spiniello case, a town, having reserved the right to reject any or all bids, publicly invited bids on two separate contracts. In its "Instructions to Bidders," the town prohibited oral addenda to, or interpretation of, any bidding documents as well as of any conditional bids. In addition, the instructions mandated that written notice be given to all prospective bidders of interpretations involving the bidding documents. Those prohibitions notwithstanding, one bidder was permitted to file a separate bid as well as a reduced combined bid conditioned on the award of both contracts to that bidder. Town officials failed to notify the other bidders of this "interpretation" of the bidding instructions.
The court observed that, although the town had reserved the right to reject any or all bids, it has violated its own bidding instructions by accepting the conditional combined bid based upon an oral addendum, known only to the town and the bidder, and by not mailing written notification of the interpretation of a bidding instruction to the other prospective bidders. The court emphasized that the town had "defeated the object and integrity of the competitive bidding by unintentionally exhibiting favortism [favoritism] . . ." to the bidder who had submitted the conditional bid. The court held that the unsuccessful bidder had standing and that "judicial relief is warranted where municipal action amounts to an erosion on the integrity of the bidding statute." Id., 545. CT Page 5797
The plaintiff in this action included, as part of its complaint, sections of the Ansonia City Code. Section 138 of the Code provides, in part, that:
 Whenever proposals for furnishing supplies or doing work are invited by advertisement by any department or officer, such department or officer is directed to require, as a condition precedent to the reception of any proposal, the deposit with the mayor of a check drawn to the order of the mayor and certified by some reliable bank. Such checks shall accompany the proposal, and be for an amount of not less than five per centum of the amount required by said bid to be paid by the city for the proposed work to be done or supply to be furnished. (Emphasis provided.)
The plaintiff further alleged that specifications concerning the rules governing the bidding procedure and the form of proposals were annexed to the bid invitations. These were made part of the complaint as exhibits: "Curbside Refuse Collection and Collection of Recyclables" ("Recycling Specifications"), and "Combined Garbage and Refuse Collection" ("Garbage Specifications").
Both bid invitations provided that "[t]he City of Ansonia, acting by its Board of Public Works, reserves the right to reject any and all bids and to waive any minor informalities if it is deemed in the best interest of the City of Ansonia." The Recycling Specifications provided that "[e]ach bid must be accompanied by a certified check in the amount of not less than five (5%) percent of the total bid. The check must be made payable to the Treasurer, City of Ansonia." (Emphasis provided.) Recycling Specifications, p. 1, para. 2. The Garbage Specifications required that "[t]he contractor must submit information regarding the location of the disposal sites, licenses and permission from the host State D.E.P. to agree in accepting waste materials from the City of Ansonia and consent of the CT D.E.P. The Proposal will not be accepted without these documents." (Emphasis provided.) Garbage Specifications, p. 3, para. F. CT Page 5798
The complaint alleges that, although there was strict compliance by the plaintiff with all of the bid requirements, the defendants wrongfully awarded the contract to BFI in spite of the fact that BFI's proposals failed to comply with both the bid invitation specifications and the City Charter. The complaint alleges that the BFI recyclable bid proposal was not accompanied by a certified check in the amount of at least five percent of the total sum price of the bid, nor was the garbage bid proposal accompanied by the requisite check. Furthermore, it is alleged that the BFI garbage bid proposal was defective in that the company failed to submit "(with respect to alternative disposal sites)" the required evidence of licenses and permission from the state D.E.P. "to agree in accepting waste materials from the city of Ansonia . . ." nor did BFI submit evidence of consent of the D.E.P.
In light of the allegations set forth in the complaint, the court must, under our law and cases, find that there is standing to bring this action because sufficient acts are alleged that, for purposes of the motion to strike, show that illegality and "favoritism [have] influenced the conduct of the bidding officials . . ." and that such conduct "defeated the object and integrity of the competitive bidding" process. Spiniello, supra, 544-45.
The defendant also seeks to strike plaintiff's request for a writ of mandamus and for injunctive relief. Its memorandum of law in support of the motion to strike cites no law or other authority in support of its request to strike the claim for an injunction. That issue must, therefore, be considered waived or abandoned for failure to brief. See, Esaw v. Friedman, 217 Conn. 553,554 n. 1 (1991) (plaintiff's claim of improper jury instructions deemed abandoned for failure to brief); Cohen v. Security Title Guaranty Co. 212 Conn. 436, 437 n. 1 (1989) (assignments of error that are merely mentioned, but that are not briefed beyond a mere statement of the claim are considered abandoned, and will not be reviewed by the court); Brown v. Employer's Reinsurance Corporation, 206 Conn. 668, 674 n. 5 (1988) (court refuses to address plaintiff's laches claim because plaintiff neglected to brief the issue).
The party seeking a writ of mandamus must establish "`(1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion CT Page 5799 with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." (Citations omitted.) Hennessey v. Bridgeport, 213 Conn. 656, 659 (1990). Here, the plaintiff has alleged sufficient facts, if proven, to establish that, as the only bidder in full compliance, it has a legal right to be awarded the contracts and, further, that plaintiff has no adequate remedy at law. Moreover, those factual allegations are sufficient to establish that the court's intervention is justified, despite the discretionary nature of defendant's bid rejection, because the defendant abused its discretion and the "[c]ourt's will intervene to prevent the exercise of that discretion . . . where fraud, corruption or favoritism has influenced the conduct of the bidding officials. . . ." Spiniello, supra, 544.
The motion to strike is denied.
BY THE COURT:
LEANDER C. GRAY, JUDGE