[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal issue raised by the defendants' motions to dismiss is whether a disappointed bidder for a municipal contract has standing to bring an action against the municipality for accepting another's bid where the disappointed bidder claims that the acceptance of that bid was motivated by favoritism or illegal bid procedures evidenced by several departures from the municipality's bid specifications. In the absence of affidavits and other documentary proof controverting the allegations of the complaint, the court holds that the complaint sufficiently pleads facts which, if proved, would confer standing on the plaintiff.
This action is brought by the plaintiff, Applied Computer Security Products, Inc. (Applied), against the defendants, CT Page 13705 Town of Trumbull (Town) and EAC, Inc. (EAC), challenging the Town's acceptance of EAC'S bid for computer hardware and software. In the first count of its amended complaint, Applied alleges that the Town's acceptance of EAC's bid, over its bid, was "the result of favoritism and/or illegal bid procedures" in that the Town accepted EAC's bid based upon specifications or criteria not contained in the request for bid; the equipment selected by EAC did not meet the specifications in the request for bid in various ways; and EAC's bid did not meet the Town's specifications and did not outline the "exception to specifications" as required by the Town's request for bid. Applied further alleges that, by bringing this action, it "seeks to further the public interest in protecting the public competitive bidding process from fraud, favoritism or other acts undermining the objective and integrity of the bidding process." Based upon the allegations in count one, Applied seeks damages, and a temporary and permanent injunction enjoining the Town from giving effect to the contract with EAC.[1]
 I
The defendants each have filed a motion to dismiss the first count of Applied's amended complaint on the ground that the court lacks subject matter jurisdiction. Practice Book § 143(1) provides that a motion to dismiss may be used to assert that the court lacks jurisdiction over the subject matter of the case. The defendants argue that the court lacks subject matter jurisdiction because Applied does not have standing to sue. Applied argues that it "has standing to bring this action based on Trumbull's favoritism, fraud and other illegal bid procedures."
"It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy."' Ardmare Construction Co. v. Freedman, 191 Conn. 497,501, 467 A.2d 674 (1983), quoting Hiland v. Ives,28 Conn. Sup. 243, 245, 257 A.2d 822 (1966). `Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a CT Page 13706 practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. such a "personal stake in the outcome of the controversy":Shaskan v. Waltham Industries Corporation, 168 Conn. 43, 49,357 A.2d 472 (1975) . . . provides the requisite assurance of "concrete adverseness" and diligent advocacy.' (Citations omitted in part.) Maloney v. Pac, 183 Conn. 313, 320-21,439 A.2d 349 (1981)." Unisys Corporation v. Department of Labor,220 Conn. 689, 693, 600 A.2d 1019 (1991).
The Connecticut Supreme Court "has consistently followed the view that an unsuccessful bidder has no standing to challenge the award of a public contact. Joseph Rugo, Inc. v.Henon, 148 Conn. 430, 171 A.2d 409 (1961); Austin v. HousingAuthority, 143 Conn. 338, 122 A.2d 399 (1956); 10 McQuillin, Municipal Corporations (3d Ed. Rev.) § 29.77." ArdmareConstruction Co. v. Freedman, supra, 191 Conn. 501. A bid, submitted in response to a request for bids, is only an offer which does not give rise to a contract until it is accepted by a municipality. Id., 501-02. "An unsuccessful bidder, therefore, has no legal or equitable right in the contract. Not unlike any other person whose offer has been rejected, the disappointed bidder has no right to judicial intervention." (Footnote omitted.) Id., 502. In Ardmare, the court, citingPerkins v. Lukens Steel Co., 310 U.S. 113, 125-30,60 S.Ct. 869, 84 L.Ed. 1108 (1940), recognized that to allow judicial intervention at the behest of disappointed bidders would create delays in the government procurement process and concomitant expense, clearly contrary to the public interest. For this reason, the Connecticut Supreme court has "held that only `where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials,' does an unsuccessful bidder have standing to challenge the award." ArdmareConstruction Co. v. Freedman, supra, 191 Conn. 501, quotingSpinelli Construction Co. v. Manchester, 189 Conn. 539, 544,456 A.2d 1199 (1983). "`Municipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or CT Page 13707 corruption in the award of contracts, to secure the best product at the lowest price, and to benefit the taxpayers, not the bidders; they should be construed to accomplish these purposes fairly and reasonably with sole reference to the public interest.' John J. Brennan Construction Corp., Inc. v.Shelton, 187 Conn. 695, 702, 448 A.2d 180 (1982); Austin v.Housing Authority, 143 Conn. 338, 345, 122 A.2d 399 (1956); 10 McQuillin, Municipal Corporations (3d Ed. Rev.) § 29.29."Spiniello Construction Co. v. Manchester, supra, 189 Conn. 544. "An honest exercise of discretion by a municipality which has reserved such right will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding. Courts will intervene to prevent the exercise of that discretion to deny a bid, therefore, only where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials." Ibid.
Applied alleges in count one of its complaint that the Town accepted EAC's bid based upon favoritism and illegal bidding procedures because it accepted the bid based upon criteria and specifications that were not contained in its request for bids, and even though EAC's bid did not meet the specifications in the request for bids. EAC argues that the Town's request for bids did contain all the necessary specifications and reserved flexibility in the bidding process. In support of this argument, EAC relies upon the language of the Town's "General Instructions To Bidders." EAC also argues that it met all the requirements in the request for bids. The Town similarly argues that it acted in accordance with its "powers and rights" as set forth in the request for bids.
A motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 143. A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone," except where the motion is accompanied by affidavits that contain undisputed facts. Bardev. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The defendants have failed to submit affidavits CT Page 13708 establishing the facts on which they base their arguments — facts which are not otherwise apparent on the record. Based upon the facts alleged by Applied in its complaint, and the existing record; Barde v. Board of Trustees, supra, 207 Conn. 62; the defendants' motions to dismiss on the ground that Applied lacks standing are denied. However, the motions are denied without prejudice to the defendants' filing motions to dismiss with the appropriate supporting documentation.
It is so that standing implicates the subject matter jurisdiction of the court; Double I Limited Partnership v.Glastonbury, 14 Conn. 77, 79, 540 A.2d 81 (1988), cert. denied, 208 Conn. 802, 545 A.2d 1100 (1988); and that "`[i]n determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case.'" Isaac v. Mount Sinai Hospital, 210 Conn. 721, 732,557 A.2d 116 (1989), and cases cited therein. The standing of a disappointed bidder on a government contract to bring an action against the governmental entity, however, is a judicially created doctrine which necessarily interrelates with the merits of the lawsuit. Disposition of this issue by way of a pretrial motion with supporting documentation not only accords with the settled function of such motions; FredBrunoli Son, Inc. v. Woodbury, 4 Conn. App. 185,493 A.2d 264 (1985) (motion for summary judgment); A. Laugeni Son,Inc. v. State, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. 705641 (1995) (motion to dismiss); but also advances the public interest in ensuring that the exception to the rule disallowing such actions remains narrowly circumscribed. Ardmare Construction Co. v. Freedman,
supra, 191 Conn. 500-501. Moreover, "in this day of suffocating court dockets"; Fengler v. Northwest ConnecticutHomes, Inc., 215 Conn. 286, 292, 575 A.2d 696 (1990); summary pretrial disposition promotes the efficiency and fairness of the judicial system. S.E.C. v. Research Automation Corp.,585 F.2d 31, 32 (2d Cir. 1978).
In denying the defendants' motions to dismiss, albeit without prejudice, this court does not determine whether a governmental entity's acceptance of a bid from one whose proposal deviates from bid specifications necessarily confers standing on another, disappointed bidder. To restate the rule, "only `where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated CT Page 13709 by the conduct of municipal officials' does an unsuccessful bidder have standing to challenge the award.'" ArdmareConstruction Co. v. Freedman, supra, 191 Conn. 501.
 II
The defendants further argue that count one should be dismissed because it is moot since EAC has substantially performed the contract. Mootness implicates the subject matter jurisdiction of the court. Board of Education v. New Haven,221 Conn. 214, 216, 602 A.2d 1018 (1992); Sadlowski v.Hanchester, 206 Conn. 579, 583, 538 A.2d 1052 (1988). A claim that is moot is properly subject to a motion to dismiss.Hartford Principals' and Supervisors' Association v. Shedd,202 Conn. 492, 497-98, 522 A.2d 264 (1987). A moot question is one that is "disconnected from the granting of the actual relief or from a determination of which no practical relief can follow." Id., 497.
The defendants have similarly failed to submit affidavits as to the facts in support of their claim that EAC has substantially performed the contract, and such facts are not otherwise contained in the record. Accordingly, the defendants' motions to dismiss count one on the ground of mootness are denied.
 III
Finally, the defendants argue that count one should be dismissed because Applied has failed to demonstrate that it is entitled to injunctive relief in that Applied has not clearly shown a protectable interest, reasonable certainty of success on the merits, that it will suffer irreparable harm and that the equities balance in its favor. This argument, however, addresses the merits of this action, and is not a proper ground for a motion to dismiss. See Practice Book § 143; Isaacv. Mount Sinai Hospital, supra, 210 Conn. 732; see alsoDiscover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 306,635 A.2d 843 (1993).
The motions to dismiss are denied without prejudice.
BY THE COURT
Bruce L. Levin CT Page 13710
Judge of the Superior Court